28 F.3d 113
 73 A.F.T.R.2d 94-2180
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Van STAFFORD, Plaintiff-Appellant,
v.
UNITED STATES of America; Benjamin Spitzer; Rick Budd;
Edward W. Nottingham, District Judge; Bruce D. Pringle,
Magistrate Judge; Philip E. Blondin; Alex J. Ellis; Jeral
Swanson; and Fritz Lockhert, Defendants-Appellees.
 No. 93-1462.
 United States Court of Appeals, Tenth Circuit.
 May 27, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on Appellant's motion for leave to proceed in forma pauperis. We grant Appellant's motion and proceed to the merits of the case.
 
 
 3
 Appellant has filed with this court a motion for leave to submit a video tape as evidence. This motion is denied.
 
 
 4
 This is a tax case. Appellant has acted throughout pro se. Plaintiff-Appellant Van Stafford appeals from the district court's order imposing sanctions on him for violation of Fed.R.Civ.P. 11. We review all aspects of a district court's Rule 11 determination for an abuse of discretion. Coffee v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir.1992). After reviewing the district court's order imposing sanctions, the briefs of the parties, and the record on appeal, we find no abuse of discretion. We therefore AFFIRM the district court's impositions of Rule 11 sanctions on Mr. Stafford.
 
 
 5
 The United States asks this court to impose sanctions on Mr. Stafford for bringing this appeal. While the award of such sanctions is within our discretion, see Fed. R.App. P. 38, we decline to impose sanctions in this case. Accordingly, we DENY the government's motion for sanctions.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470