**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

VAN STAFFORD,

   Plaintiff-Appellant,

 v.

UNITED STATES OF AMERICA,

   Defendant-Appellee.

No. 99-1287

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 99-N-980)**

---

Submitted on the briefs:

Van Stafford, pro se.

William S. Estabrook and Robert L. Baker, Attorneys, Tax Division, Department of Justice, Washington, D.C., for Defendant-Appellee.

---

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

**ANDERSON** , Circuit Judge.

---

Van Stafford appeals the district court's *sua sponte* order dismissing his action for injunctive relief with prejudice as "baseless as a matter of law." [1] R. Doc. 4. In his complaint, appellant, a tax protester who has been in embroiled in frivolous litigation for fifteen years in an attempt to avoid paying federal income taxes, requested temporary and permanent injunctions against the United States to protect his various properties from federal income tax liens. [2] The tax liens are based on appellant's tax deficiencies from 1971, 1974-75, 1977, 1979-1980, and 1983-88. *See* Appellant's Br. App. 1-7.

This court has repeatedly affirmed and imposed sanctions against appellant for related frivolous suits and appeals. In 1986 we upheld two separate Tax Court decisions that affirmed the deficiency determinations for 1971, 1974-75, 1977, and 1979-80, and imposed sanctions upon appellant for bringing legally frivolous appeals. *See Stafford v. Commissioner*, 805 F.2d 895 (10th Cir. 1986) (rejecting claim that appellant was not subject to income tax and imposing sanction of

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] Appellant has filed at least fifteen appeals or petitions for writs of mandamus or prohibition in related cases in this court since 1985, all of which have been denied as meritless or for lack of jurisdiction. *See* Court of Appeals Nos. 85-2559; 85-2765; 89-570; 89-1133; 89-1158; 89-1159; 89-1166; 89-1215; 90-1038; 90-1299; 90-1359; 90-6056; 93-1004; 93-1169; 93-1462.

double costs plus $500); *Stafford v. Commissioner*, 805 F.2d 893 (10th Cir. 1986) (rejecting claim that taxation violated due process rights, affirming Tax Court's sanction for filing frivolous petition and imposing appellate sanction of double costs plus $500).

We have also affirmed decisions from the federal district courts that rejected frivolous arguments regarding the challenged tax deficiencies. *See Cimarron Elevator, Inc. v. Stafford*, No. 90-6056, 1991 WL 65253 (10th Cir. Apr. 25, 1991) (affirming Oklahoma district court's judgment and rejecting appellant's arguments that (1) he and his wife are not subject to federal income tax laws because they are sovereign people and (2) the Commissioner does not have the power to levy against payments owed to them and assigned to a trust, and imposing $1,500 sanction for bringing the frivolous appeal); *Stafford v. United States*, No. 93-1462, 1994 WL 228241 (10th Cir. May 27, 1994) (affirming Colorado district court's imposition of Rule 11 sanctions in related tax case); *Cimarron Elevator, Inc. v. Stafford*, Nos. 93-1004, 93-1020, 93-1021, 1994 WL 102213 (10th Cir. Mar. 29, 1994) (finding that Stafford's appeal of Colorado district court's judgments in favor of plaintiff on its slander of title, abuse of process, and malicious prosecution claims was frivolous, and remanding to district court for determination of amount of appellate sanctions); *cf. Cimarron Elevator, Inc. v. Stafford*, No. 88 N 1003, 1992 WL 676908, at *1 (D. Colo. May

12, 1992) (noting that appellant and his related defendants presented a "cacophonous chorus of arguments attacking the entire federal monetary, currency, and taxing system" which had all previously been rejected in prior related cases). It is clear that we are confronted with an individual who simply refuses to accept the judgments of the courts and is abusing the judicial system for purposes of delay. [3] *Cf. Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (listing tax protester arguments that have been repeatedly rejected by the courts).

---

[3]When appellant lost the tax deficiency and levy cases on the merits, he proceeded to sue Internal Revenue Service (IRS) personnel, *see Stafford v. Ellis*, No. 89-CV-1676 (D. Colo. July 26, 1992) (granting judgment in favor of IRS employee and imposing Rule 11 sanctions of $2,370.58 and permanently enjoining Stafford from commencing further litigation against defendant, other IRS personnel, the IRS, or the United States that raised issues presented in the litigation without prior permission of the court), and the attorneys and judges who were involved in the prior tax litigation, *see Stafford v. Spitzer*, No. 92-CV-382 (D. Colo. Oct. 26, 1993) (granting judgment in favor of defendant judges, attorneys, and IRS personnel on Stafford's "conspiracy against citizen rights" claim, imposing sanctions of $2,393.82, and directing clerk not to accept additional filings from Stafford after Stafford filed post-judgment motion for "justification for order"), *aff'd sub nom, Stafford v. United States*, No. 93-1462, 1994 WL 228241 (10th Cir. May 27, 1994). After losing on the merits on the levy case involving Cimarron Elevators in the Western District of Oklahoma, Stafford proceeded to commence litigation again challenging the levy in the District of Colorado, commenced a separate federal action in the District of Columbia seeking to foreclose on the levied property, and encumbered the levied property by improperly filing lien interests with the county clerk in Oklahoma. *See Cimarron Elevator, Inc. v. Stafford*, Nos. 93-1004, 93-1020, 93-1021, 1994 WL 102213, at *1 (10th Cir. Mar. 29, 1994).

Appellee has brought to our attention that appellant has not paid all the sanctions imposed by this court in 1986, and requests that we dismiss the appeal and direct the clerk not to accept any new filings from appellant until the sanctions are paid. It also requests additional sanctions in the amount of $4,000 to cover the costs of responding to the frivolous appeal. *See* Fed. R. App. P. 38 (providing for award to appellee of "just damages and single or double costs" after filing of frivolous appeal); *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986) (discussing when award is appropriate). Appellant responds with more nonsensical rhetoric, arguing that the district court was "trying to enforce extra-territorial judgment[s]" that were not "authenticated" under 28 U.S.C. § 1729; that "the act has no enacting law" and he has chosen not to "execute the laws of the unincorporated state;" and that "no requirement of full faith and credit for statutes exist unless the clause is self-executing." Appellant's Reply Br. at 5-6. After notice and an opportunity to respond, *see* Rule 38, appellant has given no good reason why monetary sanctions and filing restrictions should not be imposed against him.

We hold that this appeal is frivolous. [4] We have already ruled in a prior case that actions challenging enforcement of appellant's tax liens are barred under 26 U.S.C. § 7421 (commonly known as the Anti-Injunction Act). *See Stafford v. Ellis*, No. 89-1215 (10th Cir. Aug. 4, 1989) (denying petition for prohibition seeking to compel IRS to release notice of federal tax lien). Appellee has presented evidence that the average expenses in attorney salaries and other expenses incurred by the Tax Division of the Department of Justice to defend frivolous appeals is approximately $4,900. We award $4,000 to appellee under Rule 38 as damages. We also conclude that, because appellant has made it

---

[4]Because we make this determination in connection with our substantive review of the merits, we deem it appropriate to affirm the district court's judgment rather than dismiss the appeal. In contrast, when an appeal is found frivolous in connection with a procedural review of the appellant's right to proceed in forma pauperis (IFP), dismissal is mandated under 28 U.S.C. § 1915(e)(2)(B). Here, appellant did not proceed under the IFP scheme, but paid the full filing fee at the outset. Thus, § 1915(e)(2), with its screening procedure for dismissing IFP appeals that are frivolous, fail to state a claim, seek monetary relief from immune defendants, or rest on false allegations of poverty, is not applicable. *See Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (following Fifth, Eighth, and Ninth Circuits to hold § 1915(e)(2) "applies only to in forma pauperis proceedings"); *Tucker v. Branker*, 142 F.3d 1294, 1296 (D.C. Cir. 1998) (stating § 1915(e)(2)(B) applies to "a case filed IFP"); *Burridge v. Salt Lake County Sheriff's Office*, No. 99-4045, 1999 WL 495683, at *1 (10th Cir. July 14, 1999) (unpublished) (holding § 1915(e)(2) inapplicable to party "who paid the filing fee and never filed for in forma pauperis status"). *But see Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (relying on early Sixth Circuit dicta, specifically repudiated in *Benson* decision cited above, to hold § 1915(e)(2)(B) applicable to "all litigants . . . regardless of fee status").

abundantly clear that the imposition of sanctions has not curtailed his continued efforts to avoid collection efforts by engaging in frivolous and vexatious litigation, we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings, *see Van Sickle*, 791 F.2d at 1437; *Werner v. Utah*, 32 F.3d 1446, 1448-49 (10th Cir. 1994):  (1) appellant and/or his wife or associated trusts are enjoined from filing any further complaints in the United States District Court for the District of Colorado containing the same or similar allegations set forth in this complaint or in any previous case involving appellant, his wife, and/or his associated trusts cited above in this order and judgment; and (2) they are further enjoined from filing any further appeals or original actions in this court involving related tax matters until all previously-imposed sanctions have been paid in full. The Clerk of this Court is instructed to accept no more filings from appellant until proof that all sanctions have been paid is provided to the Clerk.

Appellee's motion for sanctions is GRANTED in the amount of $4,000. The judgment of the United States District Court for the District of Colorado is AFFIRMED.