**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 24 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOAQUIN L. CRAYTON,

      Plaintiff-Appellant,

v.

STEPHEN W. KAISER; JANET
BRYANT; MR. MOODY,
Maintenance Supervisor of DCF;
KATHY MILLER; CONSTANCE SUE
YORK HOUGHTON, Personal
Representative of the Estate of Dr.
Michael A. Houghton, Deceased,

      Defendants-Appellees.

No. 00-7047
(E. District of Oklahoma)
(D.C. No. 99-CV-154)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This court therefore honors the parties' requests and orders the case submitted without oral argument.

Joaquin L. Crayton, a state prisoner proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. In his civil rights complaint, Crayton asserted numerous constitutional and pendent state law claims arising out of a slip-and-fall in his prison cell caused by a leak in the ceiling of his housing unit. The district court dismissed Crayton's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), concluding that in light of the vague and conclusory allegations contained therein, Crayton's complaint lacked an arguable basis either in law or fact.

This court reviews the district court's dismissal of Crayton's complaint as frivolous under § 1915(e)(2)(B)(i) for an abuse of discretion. *See McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997). Upon review of the entire record in this case, including the parties' briefs and contentions on appeal,[1] we conclude the district court did not abuse its discretion in dismissing Crayton's complaint as frivolous. Accordingly, this court **AFFIRMS** the district court's order of dismissal for substantially those reasons set forth in the district court's

---

[1]Crayton's request for a 30-day extension to file his reply brief is hereby **DENIED** . This court is able to reach a reasoned disposition of this appeal based upon our review of the parties primary briefs and the entire appellate record.

order dated March 29, 2000.  In so doing, we note that the district court's dismissal of Crayton's complaint as frivolous counts as a "strike" under 28 U.S.C. § 1915(g).[2]  *See Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).  This court reminds Crayton that after a prisoner acquires three "strikes" he must prepay the entire filing fee before federal courts may consider his civil action or appeal.  *See* 28 U.S.C. § 1915(g); *Jennings*, 175 F.3d at 778.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[2]Because Crayton paid in full his entire appellate filing fee at the onset of this appeal, this court's disposition of his appeal cannot count as a strike.  *See Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) ("Here, appellant did not proceed under the IFP scheme, but paid the full filing fee at the outset.  Thus, § 1915(e)(2), with its screening procedure for dismissing IFP appeals that are frivolous, fail to state a claim, seek monetary relief from immune defendants, or rest on false allegations of poverty, is not applicable.").