**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 21 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES R. PROUT,

       Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

       Respondent-Appellee.

No. 01-9005
(T.C. No. 13122-99)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **HENRY** , **ANDERSON** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner James R. Prout, proceeding pro se, appeals the decision of the Tax Court assessing taxes and penalties against him for the tax years 1992 through 1997. The Tax Court imposed sanctions in the amount of $2,500 because Mr. Prout pursued frivolous claims. We exercise jurisdiction under 26 U.S.C. § 7482(a)(1) and affirm.

Mr. Prout admitted that he received the income stated in the notice of deficiency. He does not appeal the sanctions order, nor does he challenge the merits of the deficiencies and penalties charged in the notice of deficiency. He appeals on the following grounds: (1) he cannot fairly be required to pay the same rate of tax as the rate imposed on federal employees and officers because he does not receive the same benefits as federal employees and officers; (2) he was incorrectly characterized as "self-employed" when, in fact, he is a "private independent contractor," as distinguished from an "independent contractor," who could contract to do work for the federal government; (3) the taxes assessed against him were employee taxes levied for the privilege of government employment, so he does not owe them; (4) no evidence supports the Tax Court's finding that he is a "sole proprietor;" (5) he is not similarly situated to a federal employee or officer and is not eligible for government employment benefits; (6) he cannot be required to pay income taxes because he receives no direct federal employment benefits; and (7) the Tax Court applied the wrong standard

when evaluating his disparate-treatment constitutional challenge to the income taxes assessed against him. Mr. Prout's seven arguments can be condensed into two claims: (1) federal income taxes apply only to federal employees, and (2) applying to him the same tax laws that are applied to federal employees violates the Equal Protection Clause.

We review Tax Court decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1). Thus, we review purely factual issues under a clearly erroneous standard, and we review purely legal questions de novo. *Twenty Mile Joint Venture, PND, Ltd. v. Commissioner*, 200 F.3d 1268, 1275 (10th Cir. 1999).

We first reject the argument that the income-tax laws apply only to employees of the federal government. Mr. Prout, like every individual, whether or not employed by the federal government, is subject to the income-tax laws. 26 U.S.C. § 1 (taxable income of every individual is subject to tax). "'All individuals, natural or unnatural, must pay federal income tax on their wages,' *regardless of whether they requested, obtained or exercised any privilege from the federal government*." *United States v. Sloan*, 939 F.2d 499, 501 (7th Cir. 1991) (quoting *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984)) (emphasis added); *cf. Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (listing frivolous tax-protester arguments, including claims that individuals

are not subject to income tax, the tax laws apply only in the District of Columbia, and wages are not income).

Mr. Prout's equal protection argument is also unavailing. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quotation omitted). Mr. Prout, who is not employed by the federal government, alleges that he is not similarly situated to employees of the federal government because he is not eligible for federal employees' benefits. Accordingly, he demands different treatment, arguing that his ineligibility for federal employee benefits exempts his income from taxation. This argument does not invoke the Equal Protection Clause which requires that similarly-situated persons be treated the same. Mr. Prout, like others who are not employed by the government as well as those who are, is subject to the income-tax laws. The Tax Court properly treated Mr. Prout the same as other individuals, whether employed by the federal government or not.

Mr. Prout's arguments are frivolous. Even after the Tax Court warned him that his claims were frivolous and he was therefore subject to sanctions, Mr. Prout continued to press his claims. The Commissioner has filed a motion seeking

sanctions against him for pursuing a frivolous appeal in the amount of $4,000. Mr. Prout was served with the motion and has had an opportunity to oppose the request for sanctions. *See Braley v. Campbell*, 832 F.2d 1504, 1515 (10th Cir. 1987) (party against whom sanctions are sought must have notice and an opportunity to be heard). He has not responded. Because Mr. Prout's arguments on appeal are legally frivolous, we impose sanctions against him in the amount of $4,000. *Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000) (adopting flat fee of $4,000 as sanction for frivolous appeal from a Tax Court decision).

The judgment of the United States Tax Court is AFFIRMED. The Commissioner's motion for sanctions is GRANTED in the amount of $4,000.

Entered for the Court

Stephen H. Anderson
Circuit Judge