**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

MAY 19 2005

FOR THE TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

BOBBY G. LYGHTLE, JR.,

    Plaintiff - Appellant,

    v.

AARON J. BREITENBACH, Assistant
District Attorney; TERRY
PULLMAN, 18th Judicial District
Judge,

    Defendants - Appellees.

No. 04-3296
(D.C. No. 03-CV-3450-GTV)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Bobby G. Lyghtle, Jr., appearing pro se, appeals the district court's

dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii) of his 42 U.S.C. § 1983 suit.[1] We

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Lyghtle is currently incarcerated in a Kansas state prison on unrelated charges, and the district court granted him leave to proceed in this appeal without prepayment of the entire appellate filing fee. In his opening brief, Lyghtle claims

(continued...)

exercise jurisdiction under 28 U.S.C. § 1291 and **AFFIRM** .

Lyghtle alleged that Aaron Breitenbach, a state prosecutor, and Terry Pullman, a state court judge, conspired to have him arrested on false charges. Specifically, Lyghtle alleged that Breitenbach caused him to be arrested and taken into police custody despite the fact that the traffic offenses used to justify the arrest had previously been dismissed. In addition, Lyghtle alleged that Breitenbach prepared an alias arrest warrant and a bond forfeiture order that were based on "false, deceptive and deceitful facts." With respect to Judge Pullman, Lyghtle alleged that he "conspire[d] to conceal the actions of Mr. Breitenbach and Mr. Breitenbach's illegal initiation of and participation in the warrant requirement process." He also alleged that "Judge Pullman . . . cause[d him] to be further confined until an illegal and improper $10,000 own recognizance bond could be processed."

---

[1](...continued)
that the dismissal provisions in 28 U.S.C. § 1915(e)(2) are not applicable to him because he was not incarcerated at the time of the events alleged in his complaint. He is mistaken in this regard, as § 1915(e)(2) is applicable to all in forma pauperis proceedings. See Stafford v. United States , 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) (holding that the screening procedure in § 1915(e)(2) applies to appeals brought by plaintiffs who are proceeding under the in forma pauperis scheme in § 1915); Benson v. O'Brian , 179 F.3d 1014, 1016-17 (6th Cir. 1999) (following Fifth, Eighth, and Ninth Circuits to hold § 1915(e)(2) "applies only to in forma pauperis proceedings"); Tucker v. Branker , 142 F.3d 1294, 1296 (D.C. Cir. 1998) (stating § 1915(e)(2)(B) applies to "a case filed IFP").

The district court dismissed sua sponte Lyghtle's claims against both Breitenbach and Pullman based on absolute immunity. [2] The court explained its reasoning as follows:

> Plaintiff's allegations center on an alias arrest warrant and order for forfeiture of bond, based on plaintiff's failure to appear at a scheduled court hearing in a case that had been dismissed three months earlier. Notwithstanding plaintiff's contention that both defendants were fully aware the case had been dismissed, this does not defeat either defendant's [absolute] immunity in this case. The issuance of an alias arrest warrant and order for forfeiture of bond clearly falls within the state court judge's authority. Also, the prosecutor's motion for forfeiture of bond and proposed journal entry, based on a party's failure to appear at a scheduled hearing, involves activities by the prosecutor that are intimately associated with the judicial phase of the criminal process. Although plaintiff contends the hearing should no longer have been scheduled after the case had been dismissed, the prosecutor was still functioning as an advocate for the State in a judicial proceeding.

Lyghtle filed a notice of appeal regarding the dismissal order. Subsequently, he filed a timely motion under Fed. R. Civ. P. 59(e) to alter or amend judgment. In addition to the claims asserted in his complaint, Lyghtle alleged for the first time in his Rule 59(e) motion that Breitenbach had violated his constitutional rights by failing to comply with a traffic court order directing Breitenbach to prepare a journal entry/order reflecting that the court had

---

[2]     Section 1915(e)(2)(B)(iii) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief."

dismissed the traffic case at issue. The district court denied Lyghtle's Rule 59(e) motion. To date, plaintiff has not filed a separate or amended notice of appeal to appeal the order denying his Rule 59(e) motion.

In this appeal, Lyghtle has reasserted the claims that he pled in his complaint regarding the issuance of the alias arrest warrant and the bond forfeiture order. In addition, as he did in his motion for reconsideration, he claims that Breitenbach violated his constitutional rights by failing to comply with a traffic court order. We conclude that Lyghtle is not entitled to any relief with regards to the former claims, and that we do not have jurisdiction to consider the last claim.

"We review determinations of absolute immunity de novo." Scott v. Hern, 216 F.3d 897, 908 (10th Cir. 2000). Having conducted the required de novo review, we agree with the district court that Lyghtle's claims regarding the alias arrest warrant and the bond forfeiture order are barred by the doctrine of absolute immunity. A prosecutor is absolutely immune from liability under § 1983 for damages based on information that is contained in an arrest warrant or the documentation supporting a warrant unless the prosecutor actually "attested to the truth of those facts." Id. at 909. This rule is derived from the Supreme Court's decision in Kalina v. Fletcher, 522 U.S. 118 (1997), where the Court held that a prosecutor "stepped outside the role of prosecutor and into the role of

4

complaining witness when she attested to the truth of those facts [supporting a warrant]." Scott, 216 F.3d at 909.

In this case, Breitenbach did not swear or attest to the truth of the information contained in the alias arrest warrant and the bond forfeiture order. Instead, his name and address simply appear on the top of both documents, and he approved the bond forfeiture order by signing it. Applying Kalina, these actions are insufficient to strip Breitenbach of his absolute immunity as a prosecutor, and Breitenbach is therefore absolutely immune from liability for any claims related to the alias arrest warrant and the bond forfeiture order.

We also agree with the district court that Judge Pullman's conduct in signing and approving the alias warrant and the bond forfeiture order cannot form the basis for liability for damages under § 1983. As the district court explained, "[j]udges are protected by absolute immunity in civil rights actions from liability for damages based on their judicial actions." See Stump v. Sparkman, 435 U.S. 349, 362-64 (1978). There are only two exceptions to this absolute immunity from suit: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;" and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Here, plaintiff's claims against Judge Pullman all arise out of actions that he took in his judicial

capacity. As a result, Judge Pullman is entitled to absolute immunity unless he acted in the absence of all jurisdiction, which Lyghtle has failed to establish.

Finally, we do not have jurisdiction over Lyghtle's claim regarding Breitenbach's failure to prepare a journal entry/order reflecting that the traffic court had dismissed the traffic case at issue. As set forth above, after the district court entered its order and the related judgment dismissing Lyghtle's complaint on July 28, 2004, the following occurred: (1) on August 4, 2004, Lyghtle filed a timely notice of appeal regarding the dismissal order; (2) on August 10, 2004, Lyghtle filed a timely motion under Fed. R. Civ. P. 59(e) to alter or amend judgment, and, for the first time, he asserted his claim regarding the journal entry/order; and (3) on February 8, 2005, the district court entered an order denying plaintiff's Rule 59(e) motion. This chronology is critical because the filing of plaintiff's Rule 59(e) motion caused the underlying judgment to lose its finality, and this court was then deprived of jurisdiction over the underlying judgment until February 8, 2005, when the district entered its order denying the Rule 59(e) motion. See Stone v. INS , 514 U.S. 386, 402-03 (1995) (stating that a timely Rule 59 motion divests the appellate court of jurisdiction); Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment–but before it disposes of [a Rule 59(e) motion]–the notice becomes effective to appeal [the] judgment . . . when the order disposing of the

[Rule 59(e)] motion is entered."). In addition, according to Fed. R. App. P. 4(a)(4)(B)(ii):

> A party intending to challenge an order disposing of [a Rule 59(e)] motion . . . must file a notice of appeal, or an amended notice of appeal–in compliance with Rule 3(c)–within the time prescribed by this Rule measured from the entry of the order disposing of the [Rule 59(e)] motion.

As noted above, plaintiff did not assert his claim regarding the journal entry/order until he filed his Rule 59(e) motion, and the district court implicitly rejected the claim when it denied the Rule 59(e) motion. As a result, in order to pursue an appeal regarding the claim, plaintiff was required to file a new or an amended notice of appeal after the district court entered its order denying the Rule 59(e) motion, and the notice of appeal had to be filed within thirty days of the entry of the order. See Fed. R. App. P. 4(a)(4)(B)(ii) and 4(a)(1)(A). Because plaintiff has failed to file such a notice of appeal, this court does not have jurisdiction over the claim regarding the journal entry/order. See Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 67 (1st Cir. 2005) (holding that court of appeals did not have jurisdiction over a district court order denying a Rule 59(e) motion where a new notice of appeal was not filed after the order was entered by the district court); Union Pac. R.R. Co. v. Greentree Transp. Trucking Co., 293 F.3d 120, 126 n.8 (3d Cir. 2002) (same); cf. Stouffer v. Reynolds, 168 F.3d 1155, 1172 (10th Cir. 1999) (holding that this court lacked jurisdiction to

7

review the denial of a Rule 60(b) motion where the appellant failed to file an amended or second notice of appeal after the district court entered an order denying the motion).

The judgment of the district court is **AFFIRMED** . We **DISMISS** the portion of this appeal relating to plaintiff's claim regarding the journal entry/order for lack of jurisdiction. We remind plaintiff that he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

Entered for the Court

Carlos F. Lucero
Circuit Judge