**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JIMMY PHILLIPS,

        Plaintiff-Appellant,

  v.

REGINALD HINES,
individually and in his official
capacity; SUSAN MILAN,
individually and in her official
capacity as Health Services
Administrator; BARBARA WILSON,
individually and in her
official capacity as Unit Manager;
FELIX KELLY, individually
and in his official capacity as Unit
Manager; TONITA TAYLOR,
individually and in her official
capacity as Administrative
Officer; JIM RABON, Director's
Sentencing Authority Designee; RON
WARD, Director; CECELIA
STEPHENS, individually and in her
official capacity as Food Supervisor,

        Defendants-Appellees;

and

OKLAHOMA DEPARTMENT OF
CORRECTIONS,

        Defendant.

Nos.  04-6358 & 04-6382
(D.C. No. CV-03-295-M)
(W.D. Okla.)

## ORDER AND JUDGMENT [*]

Before **EBEL**, **HARTZ**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Jimmy Phillips is a prisoner of the State of Oklahoma proceeding pro se. He brought this suit under 42 U.S.C. § 1983, asserting various violations of his civil rights. He appeals from the district court's decisions granting defendants' motion to dismiss or for summary judgment on all of his claims (No. 04-6358), and from the district court's denial of his motion to proceed on appeal in forma pauperis (IFP) (No. 04-6382).

Plaintiff asserted six claims for relief: (1) defendants violated his rights under the Eighth Amendment by assigning him to a kitchen job, which aggravated his chronic medical conditions, when defendants knew that he was medically

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

restricted from doing kitchen work; (2) defendants conducted plaintiff's February 2003 adjustment review in violation of Oklahoma Department of Corrections (DOC) policy and the United States Constitution; (3) defendants violated his right to due process of law by revoking 169 earned credits and causing him to be incarcerated past his release date; (4) defendants improperly convicted him in a disciplinary proceeding, without evidence, of the offense of bartering; (5) defendants violated his right to equal protection with respect to the bartering conviction, in that other inmates who had committed a similar offense were treated differently; and (6) defendants violated his rights under the First and Fourteenth Amendments by denying his request to correspond with another inmate (his cousin) without a written statement of reasons.

Defendants Hines, Milan, Wilson, Kelly, Taylor, and Stephens filed a motion to dismiss or for summary judgment.[1] R., Doc. 31. The magistrate judge thoroughly reviewed plaintiff's claims and issued a recommendation setting out the reasons why he believed that they should be rejected. He recommended that plaintiff's claims against these six defendants in their official capacity be dismissed as barred by Eleventh Amendment immunity. Id., Doc. 69, at 4. He further recommended that these defendants were entitled to summary judgment on

---

[1] The Oklahoma Department of Corrections was never served and did not appear below.

-3-

the subjective element of Count I because plaintiff failed to produce "evidence showing that Defendants knew that kitchen work posed a substantial risk of harm or that Defendants disregarded that risk." Id. at 12. The magistrate judge stated that plaintiff had no constitutional right either to be classified so that he could earn good time credits or to compel defendants to follow DOC policy, so Count II should be dismissed for failure to state a claim. Id. at 5-6. The magistrate judge recommended that the six defendants who were parties to the motion to dismiss or for summary judgment were entitled to summary judgment on Count III because plaintiff failed to allege that they were personally responsible for the revocation of the credits. Id. at 14. The magistrate judge recommended that Counts IV and V necessarily implied the invalidity of plaintiff's disciplinary conviction and therefore should be dismissed without prejudice because plaintiff failed to show that his conviction had been reversed, expunged, or declared invalid. Id. at 15-16. The magistrate judge recommended that these six defendants were entitled to summary judgment on Count VI because plaintiff failed to show a protected liberty interest in corresponding with another inmate. Id. at 17-18. The district court adopted the magistrate judge's recommendation in full in the amended order filed on April 8, 2004. Id., Doc. 86.

The magistrate judge considered separately the motion by defendants Ward and Rabon for summary judgment and plaintiff's motion for partial summary

judgment on his claims related to the alleged improper revocation of earned credits. Id., Docs. 108, 110. The magistrate judge recommended that defendants Ward and Rabon be granted summary judgment based on qualified immunity, id., Doc. 119, at 9, and that plaintiff's motion be denied, id. at 17. The magistrate judge stated that even though it was undisputed that plaintiff's earned credits were revoked in a procedurally flawed process, the credits were later restored and plaintiff was therefore not "deprived . . . of any liberty interest protected by the due process clause." Id. at 10, 13-14. Further, the postponement of his parole hearing due to the loss of earned credits did not support a due process claim, id. at 14, and plaintiff had no liberty interest in erroneously awarded credits, id. at 15-16. The district court adopted the magistrate judge's recommendation. Id., Doc. 129.

We have reviewed the parties' materials in light of the record on appeal and the applicable law. [2] Plaintiff's arguments challenge the magistrate judge's conclusions, but do not challenge the magistrate judge's reasoning in any

---

[2] We caution plaintiff that the practice of incorporating materials by reference is disfavored in this court and could result in the waiver of his arguments. See Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 623-24 (10th Cir. 1998). Plaintiff adopted by reference the statement of the case in the magistrate judge's Report and Recommendation–"so as to not burden this Honorable Court with academic reading perusal." Aplt. Br. at 1. Plaintiff should have fully set out his statement of the case in his opening brief.

meaningful way.  His arguments are in fact frivolous.  This court must dismiss an in forma pauperis appeal if it determines that the appeal is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i);   see also  Stafford v. United States  , 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)(B)).  An appeal is frivolous if "it lacks an arguable basis in either law or fact."      Thompson v. Gibson  , 289 F.3d 1218, 1222 (10th Cir. 2002).  We hold that this appeal is frivolous, and it is therefore dismissed.  Plaintiff's motion to proceed IFP on appeal in No. 04-6358 is denied,  see Coppedge v. United States  , 369 U.S. 438, 446 (1962), and the district court's order denying IFP that plaintiff appeals in No. 04-6382 is affirmed.  Plaintiff's motion to correct and/or clarify our December 16, 2004 order regarding fee assessments is denied.

The appeal designated No. 04-6358 is DISMISSED.  This dismissal counts as a strike under 28 U.S.C. § 1915(g).  The district court order appealed in No. 04-6382 is AFFIRMED.  Plaintiff is reminded that he remains obligated to make partial payments to this court until the entire appellate filing fee is paid in accordance with 28 U.S.C. § 1915(b).  The mandate shall issue forthwith.

Entered for the Court

Michael W. McConnell
Circuit Judge

-6-