**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARC EDWARDS,

    Defendant-Appellant.

No. 05-8085

(D.C. No. 05-CV-141-D)

(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

Defendant Marc L. Edwards, appearing pro se, appeals an order of the district

court enforcing an Internal Revenue Service (IRS) summons pursuant to 26 U.S.C. §§

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

7602 and 7604. We affirm the district court's order and grant the government's motion for sanctions against Edwards for maintaining a frivolous appeal.

I.

Edwards, a resident of Gillette, Wyoming, is the subject of an IRS investigation into his federal income tax liabilities for the years 2000 through 2003. On January 21, 2005, IRS agent Bruce Gilbert, in connection with the investigation, served Edwards with a summons directing him to appear before Gilbert on February 4, 2005, to testify and to produce for examination certain books, records, papers and other data. Edwards appeared but failed to provide any of the information requested in the summons. Gilbert apparently met with Edwards two additional times, but Edwards continued to refuse to provide the requested information.

On May 11, 2005, the United States filed a petition in federal district court to enforce the summons. ROA, Vol. 1, Doc. 1. Attached to the petition was a declaration from Gilbert. The declaration stated, in pertinent part, that "[a]ll administrative steps required by the Internal Revenue Code for the issuance of a summons ha[d] been taken," and that "no Justice Department referral [was] in effect per Internal Revenue Code § 7602(d)(2)" at the time. Id., Decl. at 2. On June 3, 2005, the district court issued a show cause order directing Edwards to appear before the court "to show cause why [he] should not be compelled to obey the . . . summons . . . ." Id., Doc. 2 at 1-2.

Prior to the show cause hearing, Edwards filed a host of pro se motions. Included was (1) a motion to strike the petition for failure to "present a cause of action" and for

lack of standing on the part of the government, id., Doc. 4 at 1, (2) a motion for more definite statement because Edwards was allegedly confused about whether the petition "[wa]s alleging a contract dispute or a tort," id., Doc. 5 at 1, (3) a motion to strike Gilbert's declaration on the grounds that Gilbert was "not qualified to testify against" Edwards (because, in part, at the February 4, 2005, meeting Gilbert could not tell Edwards "the difference between Wyoming and the State of Wyoming"), id., Doc. 6 at 1, and (4) a motion to strike arguing that it was not clear whether the "United States of America" or simply the "United States" was "bringing the action." Id., Doc. 13 at 1.

The district court conducted a show cause hearing on August 26, 2005, at the conclusion of which it denied Edwards' motions and granted the government's petition. Edwards filed a notice of appeal on September 2, 2005.

II.

Edwards contends the district court erred in granting the government's petition. We review for clear error the "district court's determination of whether the factual conditions for enforcement of [the] summons [were] met . . . ." United States v. Ins. Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999).

Section 7602 of the Internal Revenue Code authorizes the IRS to issue summonses for various purposes, including "determining the liability of any person for any internal revenue tax . . . ." 26 U.S.C. § 7602(a). In turn, § 7604 of the Internal Revenue Code authorizes federal district courts to compel compliance with IRS summons. More specifically, § 7604(a) affords jurisdiction to "the United States district court for the

district in which" the person summoned "resides or is found" to compel the person's "attendance, testimony, or production of books, papers, records, or other data." Further, § 7604(b) provides that "[w]henever any person summoned . . . neglects or refuses to obey such summons," the government may seek enforcement of the summons from the federal district court having jurisdiction over the matter.

In United States v. Powell, 379 U.S. 48 (1964), the Supreme Court outlined four requirements that must be established by the government in order to obtain enforcement of a summons. These include: "(1) the investigation is being conducted for a legitimate purpose; (2) the information sought is relevant to the investigation and (3) not already in the government's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed." Ins. Consultants of Knox, 187 F.3d at 759 (citing Powell, 379 U.S. at 57-58). "The Powell requirements impose only a 'minimal burden' on the agency," and "can usually be satisfied by an affidavit stating that the government has met them." Id. (citations omitted). "Once the government meets this prima facie burden, the taxpayer faces a heavy burden to either present facts to disprove one of the Powell factors, or to show that the IRS issued the summons in bad faith." Id. (internal quotation marks omitted). "The taxpayer can rebut the government's prima facie case only by alleging specific facts in rebuttal." Id. (internal quotation marks omitted).

Here, the district court found, based upon Gilbert's testimony, that all four of the Powell requirements had been satisfied. The district court further found that Edwards had not met his burden of presenting facts to disprove any of the Powell factors, and, in fact,

-4-

"ha[d] not even attempted" to do so. ROA, Vol. 2 at 6. After reviewing the record on appeal, we conclude there was no clear error on the part of the district court in making these findings. Indeed, Edwards' appellate brief makes no mention of any of the <u>Powell</u> factors, and instead focuses on the arguments asserted in the prehearing motions he filed with the district court. Like the district court, we reject those arguments as patently frivolous. We also reject as frivolous Edwards' assertion that the district court denied him the opportunity to "attack the credibility and competency" of Gilbert during the show cause hearing.[1]

Finally, the government has filed a motion asking us to sanction Edwards for maintaining a frivolous appeal by ordering him, pursuant to 28 U.S.C. § 1912 and Rule 38 of the Federal Rules of Appellate Procedure, to pay the government $6,000. In support of its motion, the government has presented evidence that, "[a]ccording to the records of the Tax Division of the Department of Justice, the average expense in attorney salaries and other costs incurred by [the government] in the defense of frivolous appeals in which sanctions were ordered during 2001 and 2002 (the latest period for which figures are available) was approximately $6,900." Mot. at 7. The government argues that, although the requested award of $6,000 "might not cover all of the costs attending this litigation, it would nevertheless at least partially compensate the Government for the direct costs of defending the appeal and might deter future frivolous appeals." <u>Id.</u> at 7-8.

---

[1] In support of this argument, Edwards argues only that the district court erred in refusing to permit Gilbert to answer the following question posed by Edwards: "Would there be an obligation [to pay federal taxes] if there was no constitution?" Aplt. Br. at 8.

In response, Edwards has filed a motion to strike the government's motion for sanctions, arguing that the length of the government's appellate brief (twenty-six pages) and the fact that several attorneys have appeared on behalf of the government demonstrate that his appeal is not frivolous.

We agree with the government that Edwards' appeal is frivolous. As discussed above, the results of both the government's petition and this appeal were "obvious," and Edwards' arguments on appeal were "wholly without merit." Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987) (discussing when an appeal is frivolous). Accordingly, we award $6,000 to the government under Rule 38 as damages. See Stafford v. United States, 208 F.3d 1177 (10th Cir. 2000) (awarding similar lump sum sanction in lieu of actual costs); Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997) (approving the practice of imposing a lump sum sanction because it "saves the government the additional cost of calculating its expenses, and also saves the court the time and expense of reviewing the submission of costs").

The order of the district court enforcing the summons is AFFIRMED. The government's motion for sanctions is GRANTED in the amount of $6,000. Edwards' motions to strike are DENIED. Edwards motion to admit evidence is denied.

<div style="margin-left: 50%;">

Entered for the Court


Mary Beck Briscoe
Circuit Judge

</div>