**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SRBISLAV STANOJEVICH,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA;
WELLS FARGO BANK; BANK OF
AMERICA; NORWEST BANK,

Respondents-Appellees.

No. 06-2163
(D.C. No. 05 MC 18 MV)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

Petitioner Srbislav Stanojevich appeals from an order of the district court

denying his motion to quash and granting the Internal Revenue Service's (IRS)

motion to enforce a summons to the Bank of America. We have jurisdiction

---

[*]    After examining the briefs and appellate record, this court has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 1291, affirm the order, and grant respondent the United States of America's motion for sanctions.

In 2004, the IRS began looking into Mr. Stanojevich's failure to file federal income taxes for the years 1997-1998 and 2001-2003. When efforts to meet informally failed, IRS Agent K. Steve Cordova caused a summons to be issued to the Bank of America for his bank records.[1]

Mr. Stanojevich filed a motion to quash the summons. The IRS moved for enforcement of the summons, and submitted an affidavit from Agent Cordova, which stated that (1) the summons was issued for the purpose of determining Mr. Stanojevich's tax liabilities, (2) the materials sought were relevant to that purpose, (3) the IRS did not already possess the information, (4) the administrative steps required by the Internal Revenue Code were followed, and (5) the matter had not been referred to the Justice Department. Applying the test announced in *Codner v. United States*, 17 F.3d 1331, 1332 (10th Cir. 1994), concerning the enforceability of IRS summonses, the district court held that the

---

[1] The IRS withdrew the summons to Norwest Bank, and Mr. Stanojevich's motion to quash the summons to Wells Fargo Bank in Oregon was dismissed by the district court for lack of jurisdiction. *See* I.R.C. § 7609(h)(1) (providing that jurisdiction to hear a motion to quash lies with "[t]he United States district court for the district within which the person to be summoned resides or is found").

summons should be enforced. The court denied Mr. Stanojevich's motion for reconsideration and this appeal followed.[2]

Mr. Stanojevich's appeal is nothing more than a rehash of arguments that we have previously rejected as frivolous. For example, he claims that (1) he is a "free, [s]overeign, live man," who is immune from tax liability, Aplt. Br. at 14, (2) income tax violates the Thirteenth Amendment's prohibition against involuntary servitude, *id.* at 14-15, (3) the Internal Revenue Code is invalid, *id.* at 5-6, and (4) the summons was invalid because it did not bear a number, *id.* at 6-8. *See, e.g., Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting as frivolous arguments concerning the government's authority to impose income tax and listing arguments that have been repeatedly rejected by the courts). Therefore, we affirm the district court for substantially the same reasons stated in its well-reasoned orders dated March 24, 2006, and April 13, 2006.

Despite the fact that the district court warned Mr. Stanojevich that he faced sanctions if he continued to press his arguments, he persists in presenting his frivolous contentions in this court. In his response in opposition to the government's motion for sanctions, he simply repeats his arguments in the

---

[2] We deny Mr. Stanojevich's motions to "Demand This Court Read all Pleadings Petitioner Files With This Court, And Adhere Only to Constitutionally Compliant Law and Case Law, And More Particularly, The Bill of Rights, in its [R]ulings" and to "Claim And Exercise Constitutional Rights and Require The Presiding Judge to Rule Upon This Motion, and All Public Officers of This Court to Uphold Said Rights."

underlying appeal and questions the legality of Rule 38 of the Federal Rules of Appellate Procedure, which empowers this court to award damages as a sanction for a frivolous appeal. We hold that this appeal is frivolous and grant the government's motion. *See generally Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000) (awarding $4,000 in sanctions to the government for defending a frivolous appeal). As to the amount, we have examined the appellate briefs and determine that a sanction of $4,000 is appropriate.

The government's motion for sanctions is GRANTED in the amount of $4,000. The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM