FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LYNN R. WOODS-GASTON,

Plaintiff-Appellant,

v.

SEQUOYAH ENTERPRISES, INC.,

Defendant-Appellee.

No. 08-6278
(D.C. No. 5:07-CV-01400-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Plaintiff-appellant Lynn R. Woods-Gaston, proceeding pro se, appeals a

district court decision granting summary judgment to her former employer,

Sequoyah Enterprises, Inc., on her claim of racial discrimination in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. She also seeks

reversal of a district court order granting Sequoyah's motion for attorneys' fees

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

incurred in connection with a motion to compel. Also before us is Ms. Gaston's[1] motion to proceed in forma pauperis. Having carefully reviewed the record and after full consideration of Ms. Gaston's arguments, we conclude this appeal is frivolous and warrants dismissal.

I.

Sequoyah hired Ms. Gaston to work as a cook in one of its juvenile detention facilities on February 26, 2004, and fired her one month later on March 26. Ms. Gaston, who is African American, alleged in her complaint that her termination was racially motivated and in retaliation for reporting misconduct on the part of a white employee. She argues that this alleged discrimination is evidenced by the fact that Sequoyah failed to even discipline the white employee for her misconduct.

On December 1, 2008, Sequoyah filed a motion for summary judgment defending its decision to terminate Ms. Gatson, asserting that she was fired solely because of attendance and performance-related issues. Specifically, it claimed that Ms. Gaston repeatedly failed to show up for her scheduled shifts and put others at risk by leaving the kitchen knives unlocked and unattended. In support, Sequoyah submitted a copy of Ms. Gaston's disciplinary file, showing that she missed work at least five times during her brief employment and was twice

---

[1] We follow Plaintiff's lead here in referring to herself as simply Lynn Gaston rather than Woods-Gaston.

disciplined for incidents relating to the kitchen knives.  It also provided excerpts from other employees' personnel files to demonstrate that employees of all races received written and verbal warnings concerning attendance and performance problems.  And it specifically included a copy of the disciplinary action taken against the white employee for the incident mentioned in Ms. Gaston's complaint. Ms. Gaston did not respond to Sequoyah's motion.

The district court granted the motion on December 23, 2008, concluding at the first step of the *McDonnell Douglas*[2] analysis that Ms. Gaston had failed to establish a prima facie case of discrimination because the evidence demonstrated she was treated no differently than other similarly situated employees.  And even if she had established her prima facie case, the court also concluded that Sequoyah had come forward with a legitimate non-discriminatory reason for firing her, noting that Ms. Gaston's failure to respond to the motion had left her employer's proffered reasons unrebutted.  It therefore dismissed the lawsuit, and this appeal followed.

## II.

Because Ms. Gaston seeks to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) mandates that her appeal must be dismissed if we find it to be frivolous, which we do.  *See Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) (explaining that "when an appeal is found frivolous in

---

[2]     *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

connection with a procedural review of the appellant's right to proceed in forma pauperis (IFP), dismissal is mandated under 28 U.S.C. § 1915(e)(2)(B)").

As the district court instructed, to make out a prima facie case of discrimination, Ms. Gaston had to show that (1) she belonged to a protected class; (2) she suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007). Though she satisfied the first two prongs of this test, Ms. Gaston offered no evidence to raise an inference of unlawful discrimination in order to satisfy the third prong. She did claim that Sequoyah treated her differently than the white employee mentioned in her complaint. This allegation, with supporting evidence, might have been sufficient to raise such an inference. *See id.* at 800-01 (holding that a plaintiff may raise an inference of discrimination by showing that "the employer treated similarly situated employees more favorably"). But Sequoyah came forward with irrefutable documentary evidence to contradict Ms. Gaston's allegation. It proved that it had, in fact, disciplined the white employee mentioned in the complaint and also that it routinely disciplines employees of all races for performance and attendance problems. Ms. Gaston offered nothing in response, thus leaving unrebutted Sequoyah's claim that she was treated no differently than other similarly situated employees.

Ms. Gaston's pro se status entitles her to a liberal construction of her pleadings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But as we have repeatedly held, "'pro se parties [must] follow the same rules of procedure that govern other litigants.'" *Id.* (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, if Ms. Gaston had evidence to show that she was somehow treated differently from any other employee, she was bound to provide it at the risk of having her case dismissed. It is neither the district court's role nor our role to advocate on her behalf. *See Garrett*, 425 F.3d at 840. We think that her failure to respond to Sequoyah's motion or otherwise offer evidence from which one could infer unlawful discrimination on the part of her employer renders her case frivolous.

Ms. Gaston's challenge to the district court's December 23, 2008, sanction order is also frivolous. The district court properly exercised its discretion under Federal Rule of Civil Procedure 37(d)(3) in compensating Sequoyah in the amount of $562.50 for the attorneys' fees incurred seeking compliance with its discovery requests. Sequoyah's motion to compel was necessitated by Ms. Gaston's refusal to completely answer its interrogatories and her assertion that she would not produce requested documents until trial. Such behavior cannot be tolerated. As we just discussed, Ms. Gaston's pro se status did not relieve her of her disclosure obligations under the federal rules. She therefore has no

non-frivolous challenge to the district court's exercise of its discretion in ordering her to pay Sequoyah's attorneys' fees.

Ms. Gaston's motion to proceed in forma pauperis is DENIED and this appeal is DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B).

Entered for the Court


Wade Brorby
Senior Circuit Judge