**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2195**

CHONG SU YI,

Plaintiff – Appellant,

v.

SOCIAL SECURITY ADMINISTRATION; UNITED STATES CAPITOL; WHITE HOUSE; BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM; DEPARTMENT OF THE TREASURY,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:13-cv-01826-PJM)

Submitted: February 7, 2014        Decided: February 19, 2014

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Chong Su Yi, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chong Su Yi appeals from the district court's order sua sponte dismissing his complaint. He alleged that, when he inquired as to the status of his disability claim, he was told by the Social Security Administration ("SSA") that he must wait six months for a decision. He also challenged the SSA's truncated hours, tax exempt status for religious organizations, and the right of public officials to speak to the media. On appeal, he challenges the sua sponte dismissal. Finding that the complaint was frivolous, we deny leave to proceed in forma pauperis and dismiss the complaint.[*]

Because Yi is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006), permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. See Stafford v. United States, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000); Porter v. Fox, 99 F.3d 271, 273 n.1 (8th Cir. 1996). However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. See, e.g., Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes

---

[*] We also note that Yi's application to proceed in forma pauperis does not support the grant of IFP status.

2

courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); Fitzgerald v. First E. Seventh St., 221 F.3d 362, 364 (2d Cir. 2000).  In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.  See Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181-83 (7th Cir. 1989); Franklin v. Or., State Welfare Div., 662 F.2d 1337, 1342-43 (9th Cir. 1981).

We find that the claims raised in Yi's complaint were factually and legally frivolous.  Therefore, we deny leave to proceed in forma pauperis and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED