UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1872

WAYNE TRAYWICK,

Plaintiff - Appellant,

v.

MEDICAL UNIVERSITY OF SOUTH CAROLINA; HOOD LAW FIRM,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston.   David C. Norton, District Judge. (2:16-cv-00730-DCN)

Submitted:  November 22, 2016        Decided:  November 29, 2016

Before DIAZ and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wayne Traywick, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne Traywick appeals from the district court's order affirming the magistrate judge's report and recommendation to sua sponte dismiss Traywick's complaint as frivolous. In the complaint, Traywick sought to relitigate his dismissal from dental school with essentially the same claims he raised in a prior action, which the district court denied in 1995. He also sought to nullify the 1995 judgment for fraud on the court under Fed. R. Civ. P. 60(d)(3).

Because Traywick is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2012), permitting sua sponte dismissal of complaints that fail to state a claim, do not apply. See Stafford v. United States, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000); Porter v. Fox, 99 F.3d 271, 273 n.1 (8th Cir. 1996). A court has, however, inherent authority to dismiss frivolous complaints. See Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a frivolous or malicious action, but there is little doubt they would have power to do so even in the absence of this statutory provision.") (internal quotation marks omitted)).

We find that the district court properly used its inherent authority to dismiss Traywick's complaint as frivolous and duplicative. We also find that Traywick did not allege fraud on

2

the court warranting postjudgment relief under Rule 60(d)(3). We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED