**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROSEMARY DENISE PRICE, United
States of America, ex rel.;
DAVID MARTIN PRICE, United
States of America, ex rel.,

        Plaintiffs-Appellants,

    v.

HONORABLE KAY MCFARLAND,
in her individual and official capacity
as Chief Justice of the Supreme Court
of Kansas; HOWARD J. SCHWARTZ,
in his individual and official capacity
as Administrative Assistant to The
Chief Justice of the Supreme Court of
Kansas; HONORABLE MARLA J.
LUCKERT, in her individual and
official capacity as a Supreme Court
Judge in the Supreme Court of Kansas;
HONORABLE GARY W. RULON, in
his individual and official capacity as
Chief Administrative Judge of the
Kansas Appellate Court;
HONORABLE G. JOSEPH PIERRON,
JR., in his individual and official
capacity as an Appellate Court Judge
in the Kansas Appellate Courts;
HONORABLE HENRY W. GREEN,
JR., in his individual and official
capacity as an Appellate Court Judge
in the Kansas Appellate Courts;
HONORABLE LEE A. JOHNSON, in
his individual and official capacity as
an Appellate Court Judge in the
Kansas Appellate Courts; CAROL G.

No. 04-3372
(D.C. No. 04-CV-4058-RDR)
(D. Kan.)

GREEN, in her individual and official capacity as Chief Administrative Clerk in the Kansas Appellate Courts; HONORABLE RICHARD D. ANDERSON, in his individual and official capacity as the Administrative Judge of the Shawnee County District Court, Topeka, Kansas; HONORABLE ADRIAN J. ALLEN, in his individual and official capacity as a Pro Tem Judge in the Shawnee County District Court, Topeka, Kansas; HONORABLE FRANK J. YEOMAN, JR., in his individual and official capacity as Division 08 Judge in the Shawnee County District Court, Topeka, Kansas; HONORABLE WILLIAM F. LYLE, JR., in his individual and official capacity as a Pro Tem Judge on the Shawnee County District Court, Topeka, Kansas; ANGELA M. CALLAHAN, in her individual and official capacity as Adoption Clerk, Shawnee County District Court, Topeka, Kansas; NANCY J. ESCALANTE, in her individual and official capacity as Administrative Clerk in the Shawnee County District Court, Topeka, Kansas; KAY FALLEY, in her individual and official capacity as Chief Administrative Clerk in the Shawnee County District Court, Topeka, Kansas; AUSTIN K. VINCENT, in his individual and official capacity as an Adoption Attorney in Topeka, Kansas; BRUCE D. WOOLPERT, in his individual and official capacity as an adoption attorney in Topeka,

-2-

Kansas; EDWARD L. BAILEY, in his individual and official capacity as outside appointed council for the City of Topeka, Kansas; ROBERT D. HECHT, in his individual and official capacity as District Attorney of Shawnee County, Topeka, Kansas; KAREN C. WITTMAN, in her individual and official capacity as Assistant District Attorney of Shawnee County, Topeka, Kansas; JOHN J. KNOLL, in his individual and official capacity as Assistant City Attorney of Topeka, Kansas; STEVE SMITH, in his individual and official capacity as Senior Registered Agent to the F.B.I., Topeka, Kansas; KEVIN STAFFORD, in his individual and official capacity as Senior Registered Agent to the F.B.I., Kansas City, Missouri; RANDY HENDERSHOT, in his individual and official capacity as Senior Registered Agent, U.S. Attorneys' Office, Topeka, Kansas; ERIC MELGREN, in his individual and official capacity as an Assistant U.S. Attorney, Topeka, Kansas; DAVID D. PLINSKY, in his individual and official capacity as an Assistant U.S. Attorney, Topeka, Kansas; PHIL KLINE, in his individual and official capacity as the Attorney General of the State of Kansas; STEVE PHILLIPS, in his individual and official capacity as the Assistant Attorney General of the

-3-

State of Kansas; RON PATTERSON,
in his individual and official capacity
as a Kansas State Highway Patrolman,

Defendants-Appellees.

## ORDER AND JUDGMENT [*]

Before **ANDERSON** , **BALDOCK,** and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs-appellants Rosemary Denise Price and David Martin Price appeal from the order and the related judgment entered by the district court dismissing their complaint under Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(c). Our jurisdiction arises under 28 U.S.C. § 1291. Because we have determined that this appeal is frivolous, we deny plaintiffs' application to proceed in forma pauperis, and we dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-4-

As summarized by the district court,

> Plaintiffs . . . are proceeding <u>pro se</u>. Generally, their 110-page complaint asserts that they have spoken out regarding numerous matters of public interest in Topeka, Kansas including law enforcement issues, misappropriation of funds, the bonding out of persons charged with crimes in Shawnee County, and the election of judges. They further assert that defendants have retaliated against them and others associated with them because of their protected speech. This retaliation has allegedly occurred in the prosecution of a traffic charge . . . against plaintiff David Price, an adoption case involving a baby fathered by David Price, a petition for the termination of parental rights of David Price, and in other actions involving persons associated with plaintiffs. The complaint also asserts that certain defendants failed to investigate plaintiffs' claims of illegal and unethical conduct.
>
> . . . .
>
> Plaintiffs list a multitude of federal statutes in their complaint: 42 U.S.C. §§ 1981, 1983, 1985(2), 1985(3), 1986 and 1988; 18 U.S.C. §§ 1512-1515, 1961-1968; 28 U.S.C. § 1343; 31 U.S.C. § 3730; and the Indian Child Welfare Act. Plaintiffs also list a number of constitutional provisions, Kansas statutory sections, canons of judicial conduct, state court rules and uniform statutes.

R., Vol. I, Doc. 105 at 2-3 (footnote omitted).

In a very thorough and well-reasoned thirty-eight page order, the district court dismissed all of plaintiffs' claims based on twenty separate rulings. Specifically, the court concluded that:

> 1. Plaintiffs' motion to recuse "all Kansas, Missouri and Tenth Circuit judges, justices and magistrates . . . from this case" was without merit. Doc. 105 at 5.

2.  Plaintiffs' claims for injunctive relief relating to the state-court child custody and adoption cases and other state court cases were jurisdictionally barred by the *Rooker-Feldman* doctrine.[1] Doc. 105 at 8-9.

3.  The allegations in plaintiffs' complaint were insufficient to state a claim under the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b).  Doc. 105 at 10.

4.  "Plaintiffs cannot bring a civil action to recover upon the alleged violation of criminal statutes or initiate criminal enforcement actions as a private citizen."  *Id.*

5.  The allegations in plaintiffs' complaint were insufficient to state a claim under the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68.  Doc. 105 at 11-13.

6.  The allegations in plaintiffs' complaint were insufficient to state claims under 42 U.S.C. §§ 1981, 1985, or 1986.  Doc. 105 at 13-14.

7.  "Plaintiffs have no cause of action directly under the United States Constitution against state and local officials."  *Id.* at 15.

8.  The allegations in plaintiffs' complaint were insufficient to state a claim for injunctive relief with regard to alleged future harms.  *Id.* at 16.

9.  Plaintiffs' claims against the named state prosecutors were either barred by the doctrine of prosecutorial immunity, *id.* at 18-19, 27, or failed to state a claim because "[t]here is no constitutional or statutory right to have an investigation undertaken by a government official or agency," and "[e]ven if there was such a right, defendants . . . would be entitled to qualified immunity from liability," *id.* at 19-20.

---

[1] *See Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923).

10.  Plaintiffs' claims against the named state court judges were either barred by the doctrine of judicial immunity, *id.* at 20-23, or failed to state a claim because "there is no right to have an investigation performed or, if there was, the defendant judges were entitled to qualified immunity," *id.* at 23.

11.  "[P]laintiffs do not have standing to object to a disciplinary complaint made against their [former] attorney." *Id.* at 24.

12.  "Plaintiffs allege no facts in their complaint which state a claim that they were denied meaningful access to the courts by reason of any action by the defendant judges." *Id.*

13.  The allegations in plaintiffs' complaint were insufficient to state a claim against the named state-court clerks. *Id.* at 25-27.

14.  "[A]ny alleged violation of state open meetings or open records laws does not state a claim for the violation of federal law." *Id.* at 27.

15.  Plaintiffs failed to state a claim for malicious prosecution against defendant Patterson. *Id.* at 27-28.

16.  The allegations in plaintiffs' complaint were insufficient to state claims against the named private attorneys. *Id.* at 28-31.

17.  Plaintiffs failed to state claims against the named attorneys from the United States Attorney's Office for the District of Kansas and the named agents from the Federal Bureau of Investigation because "there is no constitutional right to have government officials investigate claims or reports of wrongdoing and, even if there were such a right, defendants would be entitled to qualified immunity." *Id.* at 31-32.

18.  Plaintiffs' claim against defendant Knoll for malicious prosecution was barred by the doctrine of prosecutorial immunity. *Id.* at 34.

19.  The allegations in plaintiffs' complaint were insufficient to state a claim against defendant Plinsky. *Id.* at 34-36.

20. Having dismissed all of plaintiffs' federal claims, there was "no good reason" to exercise supplemental jurisdiction over plaintiffs' state-law claims. *Id.* at 37.

Plaintiffs have submitted an application to this court for leave to proceed in this appeal in forma pauperis. In order to be granted leave to proceed on appeal in forma pauperis, plaintiffs must show the existence of reasoned, nonfrivolous arguments on the law and the facts in support of reversing the district court's dismissal of their action. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). In addition, this court must dismiss an in forma pauperis appeal if it determines that the appeal is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); *see also Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) ("[W]hen an appeal is found frivolous in connection with a procedural review [by this court] of the appellant's right to proceed in forma pauperis . . ., dismissal is mandated under 28 U.S.C. § 1915(e)(2)(B)."). An appeal is frivolous if "it lacks an arguable basis in either law or fact." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002).

In their opening and reply briefs, plaintiffs have failed to set forth any specific, nonconclusory arguments explaining why the district court's rulings were erroneous. For example, instead of addressing the district court's specific rulings with respect to the immunity and the recusal issues, plaintiffs make

conclusory statements such as the following throughout their opening and reply briefs:

> After submitting a request for recusal of the 10th Circuit District Court Judges, as well as, Patrick Fisher of the 10th Circuit Court of Appeals, the continued pattern of practice continues up the ranks as judges ignore requests for recusal and respond to the matters before them, granting all of the Defendants immunity in this matter, causing, yet, more appearance of conspiring to covering up the crimes of the lower Courts, as well as, our elected officials.

Aplt. Opening Br. at 1. Similarly, plaintiffs have failed to explain the specific factual background of each of their claims for relief. Instead, plaintiffs make sweeping generalizations such as the following to describe their claims, which now apparently include the federal judiciary as a putative defendant:

> The Defendants of this action hold and retain governmental occupational titles which unconstitutionally grant them protection from prosecution for their wrongdoings, i.e., violations of Constitutional Rights, violations of Civil Rights, violations of Local, State, and Federal Laws, upon the citizens, to include that which was done to [plaintiffs] of this action.
>
> . . . .
>
> The Appellants enter the following matters for which evidence exists in judicial records . . .:
>
> a). Misuse of the Federal District Courts in the Tenth Circuit as a racketeering enterprise, as all of the Defendants were granted immunity though the records show that crimes, to include violations of [plaintiffs'] Constitutional and Civil Rights, have been committed . . . .

b). Misuse of the Federal District Courts in the Tenth Circuit in a pattern of obstruction of justice, as *Pro Se Litigants* are being penalized for appearing *Pro Se* . . . .

c). Misuse of the Federal District Courts in the Tenth Circuit in subverting civil and constitutional rights and protections.

The documented judicial misconduct includes, for instance: A pattern of documented civil rights and criminal violations by Federal District Court in the Tenth Circuit judges . . . .

*Id.* at 1, 9-10. [2]

In this circuit, "[a]rguments inadequately briefed in the opening brief are waived." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998); *see also Lifewise Master Funding v. Telebank*, 374 F.3d 917, 927 n.10 (10th Cir.

---

[2] Indeed, even when plaintiffs made an overt attempt to set forth the particular facts that support their claims, the facts they relied upon are wholly conclusory:

[Plaintiffs] state that they did not fail to plead the particulars of any fraud which might possibly serve as the basis for the Qui Tam; Who: the Named Defendants of this action: What: violations of laws and Constitutionally protected Rights so as to protect the level beneath them, and associated with them, all to defend the Free Federal Money allocated to the respective areas of expertise; When: listed throughout the assigned case numbers associated with this Appeal; Where: in the State of Kansas . . .; and How: by any means as they see fit, to include kidnaping, destruction of life, liberty, and the pursuit of happiness, and strong arming the citizens to include [plaintiffs] to comply with the 'scheme of things' or face the consequences.

Aplt. Reply Br. at 5-6.

2004) (holding that appellant waived its right to appeal the rulings of the district court that it did not substantively address in its opening brief); *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1281 (10th Cir. 2003) ("We . . . will not consider issues that are raised on appeal but not adequately addressed."); Fed. R. App. P. 28(a)(9)(A) ("[A]ppellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). Because plaintiffs have failed to adequately challenge the rulings of the district court, we conclude that this appeal is frivolous.

Accordingly, we DENY plaintiffs' application to proceed in forma pauperis, and we DISMISS this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We also DENY the motions to supplement the record that plaintiffs filed in this court on January 25, 2005, April 22, 2005, and May 10, 2005. Finally, we have reviewed the motion for clarification that plaintiffs filed in this court on May 23, 2005. In light of the filing of this order and judgment, we have determined that there is no need for any clarification regarding the order that was entered in this

matter on May 13, 2005.  We therefore DENY plaintiffs' motion for clarification as moot.

                                        Entered for the Court


                                        Bobby R. Baldock
                                        Circuit Judge