**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

In re:   MARJORIE LOUISE
HAWORTH,

Debtor,

No. 03-8002

_____

MARJORIE LOUISE HAWORTH,
formerly known as Marjorie Louise
Copp, also known as
Co-Trustee/Exchanger of the
purported but invalid Monad Trust,

Appellant,

v.

RANDY L. ROYAL, Trustee of the
Bankruptcy Estate of Marjorie Louise
Haworth,

Appellee.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. No. 02-CV-167-D)**

Submitted on the briefs:

Marjorie Louise Haworth, Pro Se, for Appellant.

Anthony T. Wendtland, of Davis & Cannon, Sheridan, Wyoming, for Appellee.

---

Before **MURPHY** and **PORFILIO** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

**PORFILIO** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is a continuation of the proceedings surrounding the voluntary Chapter 7 bankruptcy filed by appellant Marjorie Louise Haworth in 1999. To summarize, on May 4, 2000, the bankruptcy court declared that real property identified as 146 Metz Road was part of the bankruptcy estate and ordered Ms. Haworth to turn it over. On May 11, appellee Randy L. Royal, the trustee of the bankruptcy estate, served notice to Ms. Haworth to vacate the premises. The district court affirmed the bankruptcy court's decision in an order filed on September 18, 2000, and denied Ms. Haworth's motion to reconsider. Ms. Haworth refused to quit the premises and was forcibly evicted pursuant to a writ of restitution issued by the state court on April 19, 2001. We upheld the

bankruptcy court's decision in an order and judgment filed on July 3, 2001,     see

Haworth v. Royal (In re Haworth)   , 13 Fed. Appx. 826 (10th Cir. July 3, 2001)

(unpublished), and denied Ms. Haworth's petition for rehearing on July 30, 2001.

Appellee initiated a second adversary proceeding on February 19, 2002, to

clear title to Ms. Haworth's mobile home for the bankruptcy estate.  The

bankruptcy court granted appellee's motion for summary judgment, ordering that

title to the mobile home be transferred to appellee, and denied Ms. Haworth's

subsequent motion to reconsider.  Ms. Haworth did not appeal from these orders.

Instead, she filed a pleading in the bankruptcy court styled "Petition to Show

Cause," arguing that all orders issued by the bankruptcy court should be

considered void.  The bankruptcy court denied the motion, and Ms. Haworth

appealed.  The district court determined that the order Ms. Haworth appealed

from was not final or otherwise appealable, and dismissed for lack of jurisdiction.

R., Vol. I, Doc. 18, at 4.

On appeal before this court, Ms. Haworth argues that:  (1) the magistrate

judge's scheduling order established for res judicata purposes that the district

court had jurisdiction over her appeal, and (2) the bankruptcy court lacked

jurisdiction to issue orders concerning the seizure of her real property.  Appellant

has misconstrued the magistrate judge's order and authority, as well as the

doctrine of res judicata.  Her challenge to the district court's decision is clearly

frivolous, and we affirm. Her challenge to the bankruptcy court's decision that her real property was part of the bankruptcy estate was concluded in a prior appeal and does not warrant further discussion here.

Appellee has moved for this court to impose sanctions against appellant for filing a frivolous appeal, and for repeatedly filing frivolous papers related to this bankruptcy case in various courts. [1] "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. The fact that Ms. Haworth is a pro se litigant does not prohibit the court from imposing sanctions. See Stafford v. United States , 208 F.3d 1177, 1177, 1178-79 (10th Cir. 2000). This appeal has no arguable merit and is frivolous. Ms. Haworth was placed on notice that appellee was seeking sanctions. She had an opportunity to respond and chose to go

---

[1] In its September 18, 2000 decision, the district court characterized some of Ms. Haworth's motions as "irrelevant and enigmatic." Aplee. Mot. for Order to Show Cause Why Appellant Marjorie Louise Haworth Should Not Be Sanctioned for Filing a Frivolous Appeal, App. A at 3 n.1. The bankruptcy court ruled on February 1, 2002, that Ms. Haworth's untitled motion seeking a return of the real property was "frivolous." Id., App. G8. On July 16, 2002, the bankruptcy court denied Ms. Haworth's motion to reconsider its grant of summary judgment to appellee concerning her mobile home, declaring her arguments "irrelevant" and "wrong." Id., App. I at 2. On February 27, 2003, the Supreme Court of Wyoming certified that her appeal from a state court decision concerning the mobile home was without a good faith legal basis, and awarded costs and attorney's fees to the appellees in that case. Id., App. J2, at 1.

forward with the appeal, presenting no good faith argument for reversing the district court's judgment and, in fact, acknowledging that she was challenging matters that have already been concluded. See Aplt. Reply Br. at 1-2. Therefore, we grant appellee's motion for sanctions pursuant to Rule 38 and will award double costs. In addition, we caution Ms. Haworth that continued filing of frivolous actions or pleadings containing arguments already ruled upon in prior litigation will result in restrictions upon her ability to proceed pro se in the federal courts of this circuit.

Appellee's motion to dismiss this appeal as untimely is denied. Appellee incorrectly relies on 28 U.S.C. § 158(c)(2), which applies to bankruptcy appeals to the district court. Appellee has cited no authority showing that the thirty-day rule of Fed. R. App. P. 4(a)(1)(A) does not apply to Ms. Haworth's appeal to this court or that the appeal is untimely.

Appellee's motion to dismiss the appeal is denied. Appellee's motion for sanctions is granted and the court will award double costs. The district court's judgment is AFFIRMED.