**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDWARD MARVIN CORRIGAN,

      Plaintiff-Appellant,

v.

SHELLY LECLAIR; WILLIAM
CHAMBERS; WILLIAM LUBEN;
THOMAS FORSLAND, City of
Casper employees; NATRONA
COUNTY, WYOMING,

      Defendants-Appellees.

No. 06-8046
(D.C. No. 06-CV-62-D)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **HARTZ**, Circuit Judges.

---

    Edward Marvin Corrigan appeals the district court's dismissal of his

complaint for lack of subject matter jurisdiction and failure to state a claim under

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The defendants below, City of Casper employees and Natrona County, have filed a motion for sanctions, requesting attorney's fees and costs incurred in defending this appeal. Because Corrigan advanced no non-frivolous bases for federal jurisdiction, we **AFFIRM** the district court's dismissal and **GRANT** the defendants' motion for sanctions.

On March 10, 2006, Corrigan sued the defendants in federal district court after the City of Casper, Wyoming cleared his property of garbage and filed a lien for the costs of the cleanup. Citing "Article III, § 2 Clause 1 and 2," presumably of the United States Constitution, as a basis for federal jurisdiction, Corrigan asserts that a "Land Patent stands as absolute ownership of the land in question," and that the City of Casper had "no jurisdiction or venue to assail any land patent." Corrigan's only alleged basis for federal jurisdiction appears to be his ownership of property obtained via a federal land patent.

The district court granted defendants' motion to dismiss, holding that it lacked jurisdiction over Corrigan's claims. It also found that the complaint, even liberally construed, failed to state a cognizable claim for relief. Corrigan now appeals.[1]

---

[1] Corrigan's appellate brief advances a host of unintelligible arguments but fails to address jurisdiction. Rather than dismiss his appeal for failing to comply with Fed. R. App. P. 28(a)(4), however, we opt to decide this appeal on the merits.

(continued...)

We review both Rule 12(b)(1) and 12(b)(6) dismissals de novo.  Tsosie v.

United States, 452 F.3d 1161, 1163 (10th Cir. 2006).  A federal land patent does

not confer federal jurisdiction over any legal dispute that touches the land.  In

Oneida Indian Nation v. County of Oneida, 414 U.S. 661 (1974), the Supreme

Court distinguished between claims concerning possessory rights arising under

federal law and those brought by garden variety land patent owners.  As the court

explained:

> Once patent issues, the incidents of ownership are, for the most part,
> matters of local property law to be vindicated in local courts, and in
> such situations it is normally insufficient for "arising under"
> jurisdiction merely to allege that ownership or possession is claimed
> under a United States patent.

Id. at 676-77.  Indeed, then-Justice Rehnquist wrote separately in that case solely

to emphasize that "the grant of a land patent to a private party carries with it no

guarantee of continuing federal interest and certainly carries with it no

indefinitely redeemable passport into federal court."  Id. at 683 (Rehnquist, J.,

concurring).

Because Corrigan's complaint asserts no basis for federal jurisdiction other

than the fact his land was obtained via a federal land patent, the district court

---

[1](...continued)
See Bailey v. Big Sky Motors, Ltd. (In re Ogden), 314 F.3d 1190, 1197 n.4 (10th
Cir. 2002) ("[W]e proceed with the discussion of this issue only to avoid any
appearance that we are sacrificing substantive justice on the altar of
administrative convenience.") (quotation omitted).

clearly lacked subject matter jurisdiction over his claims and properly dismissed his complaint under Rule 12(b)(1). See also Virgin v. County of San Luis Obispo, 201 F.3d 1141, 1145 (9th Cir. 2000) (holding that federal land patents do not confer federal subject matter jurisdiction). Accordingly, we need not address its alternative basis for dismissal under Rule 12(b)(6).

We now turn to the defendants' request for attorney's fees and costs pursuant to Fed. R. App. P. 38. Under Rule 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." An appellant's pro se status is not a bar to the imposition of such sanctions. Haworth v. Royal (In re Haworth), 347 F.3d 1189, 1192 (10th Cir. 2003).

Because Corrigan's appeal is frivolous, sanctions are appropriate. Defendants laudibly refrained from seeking sanctions at the district court level due to Corrigan's pro se status. However, after the district court's clear explanation of the law any reasonable person would have ceased pounding on the door of the federal courthouse. Instead, Corrigan pressed his claims, advanced indecipherable appellate arguments, and forced the defendants to needlessly brief the jurisdictional issue in this court. We grant the defendants' motion and, having received no objection to the reasonableness of the amount requested, order Corrigan to pay sanctions in the amount of $1,798.13.

For the reasons set forth above, the judgment of the district court is

**AFFIRMED** and the defendants' motion for Rule 38 sanctions is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge