F I L E D
**United States Court of Appeals
Tenth Circuit**

**February 15, 2007**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HARVEY BRUCE ANNIS, a
Wyoming national,

      Plaintiff-Appellant,

v.

MARY ANN COLLINS, Natrona
County Clerk,

      Defendant-Appellee,

and

ROSS LAY,

      Defendant.

No. 06-8069

(D.C. No. 06-CV-96-D)
(D. Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

---

Harvey Bruce Annis (Annis) appeals from the district court's dismissal of

his pro se complaint for lack of subject matter jurisdiction and for failure to state

a claim upon which relief can be granted.  Annis alleged that Mary Ann Collins

---

[*]This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(Collins), county clerk in Natrona County, Wyoming, unlawfully filed tax liens against Annis' property and that Ross Lay (Lay) wrongfully aided Collins in this regard.  In response to Annis' appeal, Collins filed a motion for sanctions, requesting attorney fees and costs incurred in defending the appeal.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and because Annis advances no non-frivolous grounds on appeal, we affirm the district court's dismissal and grant Collins' motion for sanctions.

Annis filed a complaint, entitled "Claim of Fraudulent Conveyance and Trespass of Land Title," asserting that Collins, as Natrona County Clerk, improperly filed various federal tax liens against his property which were allegedly "deceptive, fictitious, fraudulent, noncompliant instruments presented by the Internal Revenue Service."  Appx., Doc. 1, p. 1.  As for Lay, Annis asserted that he "secured a 'Quitclaim Deed' . . . which has been manufactured through [a] chain of actions which are noncompliant and unlawful."  Id. at 3.  Annis sought a declaration that his land patent was the superior title to a certain tract of land and further sought  monetary damages from the defendants.  Id. at 4.

Collins filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Annis filed a response and a one page "Notice to Recuse Judge William Downs [sic]," wherein Annis essentially argued that the district court judge exhibited prejudice against him by considering Collins' motion to dismiss without oral argument and by

allowing Collins to file a reply brief. Thereafter, the district court entered an order granting Collins' motion to dismiss and denying Annis' motion for recusal. Specifically, the district court concluded that Annis' assertion that it could assume jurisdiction over the case based upon Collins' oath of office, whereby she swore to support, obey, and defend the Constitution of the United States, lacked merit, as did Annis' assertion that the court had jurisdiction over cases arising from "the dignity of Land Patents issuing from the United States." Appx., Doc. 15, p. 2. Absent any other possible basis for federal jurisdiction, the district court dismissed Annis' action. Alternatively, the district court found that Annis failed to state a claim upon which relief could be granted.

We review de novo a district court's dismissal of an action under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Tsosie v. United States, 452 F.3d 1161, 1163 (10th Cir. 2006). Annis contends that the district court erred in two regards. First, he argues that the district court should have taken up his motion for recusal before ruling on Collins' motion to dismiss. Second, Annis argues that the district court erred in dismissing his action without acknowledging that Lay was in default for refusing to accept service of process.

We conclude that neither of these arguments has any merit, but, more importantly, Annis fails to challenge the district court's determination that it lacked subject matter jurisdiction over his action. A controversy involving land has never been regarded as presenting a federal question merely because one of

the parties to it has derived his title from a patent or under an act of Congress. See, e.g., Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 676 (1974); Virgin v. County of San Luis Obispo, 201 F.3d 1141, 1143 (9th Cir. 2000). Moreover, we are unaware of any legal support for the proposition that a federal court may assume subject matter jurisdiction over an action if a named defendant once swore an oath to defend the Constitution. See Nicodemus v. Union Pacific Corp., 440 F.3d 1227, 1232 (10th Cir. 2006) ("A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'") (citations omitted). Because Annis' complaint asserts no other intelligible basis for federal jurisdiction, the district court lacked subject matter jurisdiction over his claims and properly dismissed his complaint under Rule 12(b)(1). Accordingly, we need not address its alternative basis for dismissal under 12(b)(6).

Collins has also filed a motion for sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Collins seeks a sanction against Annis in the amount of $1,454.55, which is the total of the attorney fees and costs expended by Collins in the defense of this appeal. Under Rule 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Annis' pro se status is not a bar to such

-4-

sanctions. <u>Haworth v. Royal</u>, 347 F.3d 1189, 1192 (10th Cir. 2003).

Because Annis' appeal is frivolous, sanctions are appropriate. Collins states she refrained from seeking sanctions at the district court level due to Annis' pro se status. However, Collins now argues that after the district court's clear explanation of the law, a reasonable person would have recognized the infirmities of his position. Instead, Annis pursued his claims by filing this appeal. We note that Annis' appellate briefing presents arguments which are lacking in any factual or legal support, and which again force Collins to needlessly respond. Further, Annis' response to Collins' motion for sanctions merely lists a series of Collins' alleged wrongdoings without addressing the request for sanctions on its merits. We grant Collins' motion and, having received no objection to the reasonableness of the amount requested, order Annis to pay the sanctions sought.

Accordingly, we AFFIRM the district court's dismissal, GRANT Collins' motion for sanctions, and award Collins $1,454.55 in sanctions.

Entered for the Court


Mary Beck Briscoe
Circuit Judge