FILED
United States Court of Appeals
Tenth Circuit

July 27, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

WALTER RAY REDMOND,

    Plaintiff - Appellant,

v.

SALT LAKE COUNTY JAIL
MEDICAL STAFF; SALT LAKE
CITY; SALT LAKE COUNTY; BETTY LNU,

    Defendants - Appellees.

No. 10-4019
(D.C. No. 2:08-CV-00568-TS)
(D. Utah)

ORDER DISMISSING APPEAL

Before **BRISCOE**, Chief Circuit Judge, and **TACHA**, and **O'BRIEN**, Circuit Judges.

Walter Redmond seeks to appeal the dismissal of his civil rights claim under 42 U.S.C. § 1983 against various governmental entities located in Salt Lake County, Utah.[1] He alleges these entities violated his Eighth Amendment rights when he was arrested in 2005 and forcibly administered a tuberculosis vaccination after informing the medical staff he had previously been exposed to the disease. The district court dismissed his claims against the government entities after determining his complaint failed to state a

---

[1] Because Redmond is appearing pro se, "we construe his pleadings and papers liberally" but "our role is not to act as his advocate." *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

claim upon which relief could be granted.[2]

Redmond raised these same claims in several earlier appeals, *see Redmond v. Salt Lake City Med. Staff,* 10-4002, *Redmond v. Salt Lake City Med. Staff,* 09-4181, and, in separate appeals raised claims alleging false arrest based on the same 2005 arrest in violation of his Fourteenth Amendment rights.[3] *See Redmond v. Salt Lake City Police Dep't..,* 10-4014, *Redmond v. Salt Lake City Police Dep't,* 09-4164. We consolidated appeals 10-4002 and 10-4014 and affirmed the district court's decisions in all respects. *See Redmond v. Salt Lake City Police Dep't*, 2010 WL 2676364 (10th Cir. July 7, 2010) (unpublished). Redmond's claims in this appeal are identical to those decided on July 7, 2010. We will not again consider those same issues here. *See Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008) ("Pursuant to the doctrine of res judicata [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were . . . raised in that action.") (quotations and alterations omitted); *Haworth v. Royal*, 347 F.3d 1189, 1191 (10th Cir. 2003) (same challenge "concluded in a prior appeal and does not warrant further discussion"). This appeal is dismissed as moot.

Redmond has petitioned this court to proceed *in forma pauperis* (*ifp*). To proceed *ifp* on appeal, Redmond must "show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of

---

[2] Redmond also named one individual as a defendant, the nurse who administered the injection. The district court ordered the nurse be served but later, after court documents sent to Redmond continued to be returned and a show cause order went unanswered, the court dismissed the entire case for failure to prosecute.

[3] Redmond attempts to raise his Fourteenth Amendment arguments in this case as well. However, the order from which he appeals did not address these claims,

the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). Because Redmond's arguments are not only frivolous but repetitive of his earlier appeal, we deny his request to proceed *ifp*. He is directed to remit the full amount of the filing fee within twenty days. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

   **DISMISSED**.

                              **Entered by the Court:**

                              **Terrence L. O'Brien**
                              United States Circuit Judge