**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

TRIGINAL D. JACKSON,

     Plaintiff-Appellant,

v.

ENFORCER OF CONSTITUTIONAL
POLICY; RESPECTLY
INJUNCTIVABLE PARTY; LT.
VIGOR; C/O WOODWARD; LT.
ELLISON; CMS/MDC
CORPORATION; UNKNOWN CMS
DOCTOR; BOOKING OFFICER,

     Defendants-Appellees.

No. 10-2220
(D.Ct. No. 1:10-CV-00891-WJ-RLP)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **BRORBY**, and **TYMKOVICH**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Appellant Triginal Jackson, a *pro se* litigant, appeals the district court's dismissal of his motion to file an action under 42 U.S.C. § 1983 following his failure to follow district court filing restrictions imposed on him and an order barring him from filing pleadings electronically. We deny Mr. Jackson's motion to proceed on appeal without prepayment of costs or fees and dismiss his appeal as frivolous.

## I. Procedural Background

On September 24, 2010, Mr. Jackson filed a document entitled "Re-file Section 1983 Action Notice of Motion to File Leave of Court," which the district court construed as an attempt to amend his prior three complaints against the same defendants – all of which were previously dismissed without prejudice. *See Jackson v. Bernalillo County*, N.M. D.Ct. No. 09-CV-884-WJ-RLP (Feb. 23, 2010). In *sua sponte* denying permission to file the instant action, the district court ordered his pleading be stricken from the record and the clerk of court to close or otherwise prevent Mr. Jackson from using the district court's CM/ECF account to electronically file it. In taking these actions, the district court explained: (1) it had previously and repeatedly denied Mr. Jackson's requests to electronically file documents based on his prior abusive filing practices; (2) in filing the instant motion, Mr. Jackson continued to fail to comply with the prior filing restrictions imposed by the court; (3) the prior three actions against the

same defendants asserting the same or similar allegations were dismissed because Mr. Jackson failed to provide the defendants sufficient information to provide "fair notice as to the basis of the claims against him or her";[1] and (4) his instant pleading, if considered as an amended complaint, failed to state sufficient facts for a viable claim for relief under 42 U.S.C. § 1983, and even if its filing were permitted, it would be dismissed with prejudice because further amendment would be futile.

As further procedural background, Mr. Jackson did not appeal the district court's dismissal of his last complaint against the same defendants. He also did not serve the defendants in the instant matter. We also note Mr. Jackson has filed multiple appeals before this court in the past few years – all concerning civil rights actions. Four have been dismissed as baseless or frivolous[2] and four are

---

[1] In the instant pleading and the other dismissed pleadings, Mr. Jackson made the same claims certain officers and doctors at the Bernalillo County Metropolitan Detention Center allegedly violated his medical privacy and constitutional rights and imposed medical battery and intentional infliction of emotional distress by requesting medical information, through an intake nurse, on whether he had a sexually-transmitted disease and by pricking his finger to take blood for the state's DNA data bank.

[2] *See Jackson v. New Mexico Pub. Defender's Office*, 361 F.App'x 958 (10th Cir. 2010) (consolidating Appeal Nos. 09-2093 (dismissing appeal on § 1983 claim as frivolous), 09-2158 (same), and 09-2215 (affirming dismissal of § 1983 claim for failure to state a claim on which relief may be granted)); *Jackson v. Walgreens Corp.*, 361 F.App'x 968 (10th Cir. 2010) (affirming dismissal of § 1983 appeal for failure to state a claim on which relief may be granted).

currently pending, including the instant appeal.[3]

## II. Discussion

On appeal, Mr. Jackson makes the same or similar arguments raised in his pleading dismissed by the district court and presents no less than twenty-five issues on appeal. In so doing, he fails to address the grounds on which the district court dismissed his pleading, other than to provide a cursory explanation that he violated the electronic filing restrictions imposed on him because "he was under the impression that another court" gave him "permission to file electronically." Similarly, he provides no argument as to why he believes his instant pleading states a cause of action on which relief may be granted under 42 U.S.C. § 1983. Rather, his brief contains a myriad of legal citations to various state, district, circuit, and Supreme Court case law concerning sundry issues – all welded together with incoherent argument and references to his prior arrests and incarceration. Mr. Jackson, who is no longer a prisoner, also seeks leave to appeal the district court's dismissal of his pleading without prepayment of filing fees (*in forma pauperis*) pursuant to 28 U.S.C. § 1915(a)(1).

---

[3] The other three appeals pending before this court are No. 10-2080, *Jackson v. Chief of Police;* No. 10-2146, *Jackson v. Kelly*; and No. 10-2147, *Jackson v. MDC, et al.*

"We review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders and rules." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice" under the circumstances, including reliance on erroneous conclusions of law or findings of fact. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (quotation marks and alteration omitted). While we construe a *pro se* litigant's pleadings liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), the fact Mr. Jackson is a *pro se* litigant does not prohibit this court from dismissing his appeal as frivolous. *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003).

A claim or appeal is frivolous under § 1915 if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997). We have held "[t]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (quotation marks omitted).

Federal courts also possess inherent authority "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam). We have long held that where a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate, but only after notice and an opportunity to respond are given. *See Werner v. Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994); *Winslow*, 17 F.3d at 315. We may impose filing restrictions based on our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). Moreover, Rule 38 of the Federal Rules of Appellate Procedure allows this court to award damages as a sanction for a frivolous appeal. *See generally Stafford*, 208 F.3d at 1179.

Applying our standard of review and applicable legal principles, we discern no abuse of discretion in the district court's decision to impose the sanction of dismissal on Mr. Jackson's instant pleading based on his violation of that court's orders and filing restrictions. It is apparent the district court imposed those orders and restrictions based on his prior abusive filing practices and unnecessary expenditure of judicial resources. His instant noncompliance has similarly caused such unnecessary expenditure, warranting the district court's dismissal.

Moreover, by filing multiple actions against the same defendants on the same grounds without correcting the procedural and substantive errors identified by the district court, it is apparent Mr. Jackson is frivolously re-attempting to obtain a favorable result, both here and in the district court, despite his repeated lack of success and previous failure to appeal. The fact he is now appealing the district court's dismissal of the instant pleading, without addressing his violation of its filing restrictions or other procedural deficiencies, only further demonstrates the blatant frivolousness of this appeal. Having determined his appeal is frivolous, our tally shows he has filed at least three frivolous appeals before this court in just over a two-year period.

Based on Mr. Jackson's manifestly abusive pattern of filing frivolous appeals in this court, we caution him future frivolous appeals on this or any other matter may result in summary disposition without discussion and/or an order requiring him to show cause why this court should not impose both appellate filing restrictions and sanctions. In addition, because this is Mr. Jackson's fourth attempt at filing a civil rights action containing the same or similar deficiencies against the same defendants, we may consider any future attempted action against them a form of harassment and advise him this court, as well as the district court, have the power, under 28 U.S.C. § 1651(a), to enjoin him from pursuing any such action. *See Tripati*, 878 F.2d at 352-53.

-7-

We further deny Mr. Jackson's motion for leave to proceed *in forma pauperis* in the instant action based on the frivolousness of his appeal and abuse of our judicial resources. We caution him we may also limit permission to proceed *in forma pauperis* in the future, regardless of his financial ability to pay such costs and fees. *See In re McDonald*, 489 U.S. 180, 183-85 (1989) (limiting petitioner from proceeding *in forma pauperis* based on petitioner's abuse of judicial resources); *Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002) (explaining dismissal of frivolous action or appeal constitutes a "strike" and if three strikes are accrued, the litigant may no longer proceed *in forma pauperis* in any civil action filed in federal court unless he is in imminent danger of physical injury). Again, the fact Mr. Jackson is a *pro se* litigant does not prohibit this court from such summary disposition, sanctions, or other limitations on frivolous or abusive filings. *See Haworth*, 347 F.3d at 1192.

## III. Conclusion

For the foregoing reasons, we **DENY** Mr. Jackson's motion to proceed on appeal without prepayment of costs or fees and **DISMISS** his appeal as frivolous.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-8-