FILED
United States Court of Appeals
Tenth Circuit

**March 1, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

MARCUS L. FREEMAN,

    Petitioner-Appellant,

v.

BLAKE R. DAVIS, Warden,

    Respondent-Appellee.

No. 10-1330
(D.Ct. No. 1:09-CV-02493-DME-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **BRORBY**, and **TYMKOVICH**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

    Appellant Marcus L. Freeman, a *pro se* litigant and federal inmate, appeals the district court's dismissal of his application for a writ of habeas corpus

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to 28 U.S.C. § 2241. He also seeks leave to proceed on appeal without prepayment of costs and fees (*in forma pauperis*). Construing his *pro se* application liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we deny the motion to proceed *in forma pauperis* and dismiss his appeal as frivolous.

## I. Factual and Procedural Background

In 1996, Mr. Freeman was convicted in a federal court in Texas on two drug counts and received a mandatory life sentence which was upheld on appeal and on his motion for rehearing en banc. *See United States v. Freeman*, 164 F.3d 243 (5th Cir.), *reh'g denied*, 172 F.3d 871 (5th Cir. 1999). By his own admission, he has "since ... filed several motion [sic] to attack his sentence," which were all filed in a Texas federal court, including: (1) at least one unsuccessful motion for post-conviction relief pursuant to 28 U.S.C. § 2255;[1] (2) at least one unsuccessful motion to file a successive § 2255 motion; (3) an unsuccessful motion to attack his sentence pursuant to 18 U.S.C. § 3582(c)(2);[2] and (4) an unsuccessful motion brought under Federal Rule of Criminal Procedure 52(b).[3] Mr. Freeman's

---

[1] *See Freeman v. United States*, 2001 WL 492401 (N.D. Tex. May 3, 2001).

[2] *See United States v. Freeman*, 2010 WL 4272919 (5th Cir. Oct. 26, 2010) (*per curiam*).

[3] *See United States v. Freeman,* 158 F.App'x 568, 2005 WL 3427507 (5th Cir. Dec. 14, 2005) (*per curiam*).

multiple attacks on his sentence have prompted the Fifth Circuit to warn him that

"any further repetitious or frivolous attempts to circumvent statutory restrictions

on filing second or successive 28 U.S.C. § 2255 motions to vacate, whether

pursued by him *pro se* or with the assistance of any other person (including any

attorney) ... may result in the imposition of sanctions against him," and "may

include dismissal, monetary sanctions, and restrictions on his ability to file

pleadings in this court ...." *Freeman*, 2005 WL 3427507, at *1.


Mr. Freeman is currently incarcerated at a federal facility in Florence,

Colorado. On November 12, 2009, he brought the instant application in a

Colorado federal court, seeking a writ of habeas corpus pursuant to § 2241 and

claiming errors in his presentence report led to his life sentence and caused the

Bureau of Prisons to classify him as a high-risk inmate. More specifically, Mr.

Freeman claimed certain portions of his presentence report, pertaining in part to

his involvement in the conspiracy, criminal history points, and drug quantities,

were inaccurate, unreliable, untrue, unsupported by reliable evidence, and

improperly used to calculate his sentence. As to his claim such errors improperly

caused his classification as a high-risk inmate, he simply alleged "[t]he Federal

Bureau of Prisons is using that same information for the purpose of making

decision [sic] adverse to [him] that effect [sic] security, custody, and

classification in the execution of the sentence."

The district court adopted the federal magistrate judge's recommendation Mr. Freeman's application be denied and dismissed with prejudice. In so doing, it agreed with the magistrate judge's conclusion that even though Mr. Freeman labeled the action as a § 2241 motion, it was "a thinly-veiled collateral attack on the validity of [his] sentence," which should have been brought as a successive motion under § 2255.

Undeterred, Mr. Freeman sought an order for reconsideration, which the district court considered as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and denied. On February 10, 2011, the district court also denied Mr. Freeman's motion for leave to proceed *in forma pauperis*, stating his appeal was not taken in good faith because Mr. Freeman has not shown the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal.

## II. Discussion

On appeal, Mr. Freeman makes the same or similar arguments raised in his § 2241 application dismissed by the district court. He continues to claim his presentence report contained factual errors, including information he was a member of a conspiracy during the time alleged, which improperly led to the imposition of his life sentence. He also contends none of the errors surfaced until

2007 when he was incarcerated and finally allowed to review his presentence report and addendum. Mr. Freeman again seeks leave to appeal the district court's dismissal of his pleading without prepayment of filing fees pursuant to 28 U.S.C. § 1915(a)(1).

Because Mr. Freeman is a federal prisoner (rather than a state prisoner) proceeding under § 2241, he does not need a certificate of appealability. *See Curtis v. Chester*, 626 F.3d 540, 542 n.1 (10th Cir. 2010); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997). We review *de novo* the legal conclusions of a district court's denial of habeas corpus relief. *See Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined," whereas a "28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). When a defendant is challenging his conviction and sentence, and not the execution thereof, such challenges must be brought pursuant to § 2255 unless this "remedy by motion is inadequate or ineffective." 28 U.S.C. § 2255(e); *Bradshaw*, 86 F.3d at 166.

While we construe a *pro se* litigant's pleadings liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10ᵗʰ Cir. 2010), the fact Mr. Freeman is a *pro se* litigant does not prohibit this court from dismissing his appeal as frivolous, *see Haworth v. Royal*, 347 F.3d 1189, 1192 (10ᵗʰ Cir. 2003). A claim or appeal is frivolous under § 1915 if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McIntosh*, 115 F.3d at 812-13. We have held "[t]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10ᵗʰ Cir. 1994) (*per curiam*) (internal quotation marks omitted).

Applying our standard of review and the applicable legal principles, we agree with the district court's characterization of Mr. Freeman's § 2241 application as "a thinly-veiled collateral attack on the validity of [his] sentence," which should have been brought as a successive motion under § 2255. Our review of Mr. Freeman's appellate brief and the record on appeal clearly shows he is attempting to vacate, set aside, or correct his sentence or otherwise challenge his conviction improperly through § 2241, rather than § 2255, given his previous lack of success in the Texas federal court in attacking his sentence under § 2255 and the Fifth Circuit's admonition concerning his repetitious or frivolous

attempts to circumvent statutory restrictions on filing second or successive § 2255 motions. In other words, Mr. Freeman is attempting to both obtain a favorable result on an issue the Fifth Circuit has repeatedly held meritless and skirt its prior warning concerning any future requests to file a § 2255 motion.

Nevertheless, 28 U.S.C. § 2255 remains the proper avenue for Mr. Freeman's post-conviction challenge. "Where a statute specifically addresses the particular issue at hand," as § 2255 does here, "it is that authority ... that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). Thus, any attempt to file a successive motion under § 2255 must be filed in the federal district court that imposed the sentence, which, in this case, is in Texas. The fact Mr. Freeman has not been successful in his prior § 2255 motion and request to file a successive § 2255 motion does not mean a procedural avenue has not been available to him but simply that his arguments lacked merit or he failed to meet the criteria required for authorization to pursue such filings.

It is also apparent the Fifth Circuit determined Mr. Freeman's repetitious and frivolous filings, for the purpose of circumventing statutory restrictions on filing second or successive § 2255 motions, constituted abusive filing practices and unnecessary expenditure of judicial resources. His instant § 2241 application and appeal thereof in this court are similarly meant to circumvent such

restrictions and are patently frivolous, an abuse of the judicial process, and the cause of unnecessary expenditures of judicial resources on a matter which has been definitively adjudicated and deemed meritless by that court.

We, like the Fifth Circuit, possess inherent authority "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (*per curiam*). We have long held that where a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate, but only after notice and an opportunity to respond are given. *See Werner v. Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994); *In re Winslow*, 17 F.3d at 315. We may impose filing restrictions based on our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). Moreover, Rule 38 of the Federal Rules of Appellate Procedure allows this court to award damages to the Appellee as a sanction for a frivolous appeal. *See generally Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000).

Accordingly, we caution Mr. Freeman future frivolous appeals on this or any other matter may result in summary disposition without discussion and/or an order requiring him to show cause why this court should not impose both

appellate filing restrictions and sanctions. We further deny Mr. Freeman's motion for leave to proceed *in forma pauperis* in the instant action based on the frivolousness of his appeal and abuse of our judicial resources. We caution him we may also limit permission to proceed *in forma pauperis* in the future, regardless of his financial ability to pay such costs and fees. *See In re McDonald*, 489 U.S. 180, 183-85 (1989) (limiting petitioner from proceeding *in forma pauperis* based on petitioner's abuse of judicial resources); *Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002) (explaining dismissal of frivolous action or appeal constitutes a "strike" and if three strikes are accrued, the litigant may no longer proceed *in forma pauperis* in any civil action filed in federal court unless he is in imminent danger of physical injury). Again, the fact Mr. Freeman is a *pro se* litigant does not prohibit this court from such summary disposition, sanctions, or other limitations on frivolous or abusive filings. *See Haworth*, 347 F.3d at 1192.

## III. Conclusion

For the foregoing reasons, we **DENY** Mr. Freeman's motion to proceed on appeal without prepayment of costs or fees and **DISMISS** his appeal as frivolous. For the same reasons, we further **DENY** Mr. Freeman's request to file

supplemental authorities, his motion to supplement the record on appeal, and his motion to file out of time an addendum to his opening brief.

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge