**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

LAWRENCE SAMUELS, JR.,

     Defendant-Appellant.

No. 10-5108
(D.Ct. No. 4:04-CR-00157-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Appellant Lawrence Samuels, Jr., a *pro se* litigant and federal inmate, appeals the district court's dismissal of his petition for a writ of coram nobis,

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to 28 U.S.C. § 1651, which seeks to vacate his conviction and sentence. We dismiss Mr. Samuels's appeal as frivolous.

## I.  Factual and Procedural Background

On October 5, 2004, a grand jury issued an indictment charging Mr. Samuels with possession of cocaine base (crack cocaine) with intent to distribute under 21 U.S.C. § 841(a)(1).  On April 18, 2005, Mr. Samuels pled guilty and received a sentence of 210 months in prison.  He later appealed his conviction and sentence, arguing the district court erred in denying his motion to suppress evidence and on ineffective assistance of counsel grounds.  *See United States v. Samuels*, 493 F.3d 1187, 1188 (10th Cir. 2007).  We affirmed the denial of the motion to suppress and declined to address his ineffective assistance of counsel claims because the record failed to completely develop those issues.  *Id.* at 1193-94.  We noted the better avenue for making such claims was a collateral proceeding where the whole record would allow appropriate review.  *Id.*

Thereafter, Mr. Samuels filed a collateral pleading – i.e., a motion to vacate, set aside, or correct his sentence – based on his ineffective assistance claims.  On November 6, 2009, the district court denied his motion, concluding counsel did not act ineffectively in representing Mr. Samuels.  Mr. Samuels did not appeal.

Turning to the litigation involved in this appeal, on August 25, 2010, Mr. Samuels filed a "Motion for Writ of Error Coram Nobis" requesting his conviction and sentence be vacated based on his claim of innocence and the fact that Brandon McFadden, a former special agent with the ATF, and two Tulsa police officers planted the cocaine they found in his vehicle. In support of this claim, he explained Mr. McFadden was later indicted for planting drugs in other cases. He also claimed the cocaine found in his car should have been suppressed based on the same grounds previously raised in his direct appeal to this court.

The district court denied Mr. Samuels's petition, explaining the issuance of a writ of coram nobis under 28 U.S.C. § 1651 is an extraordinary remedy allowed only under compelling circumstances when § 2255 motions or other forms of relief are not available. It further explained such a writ is generally only used when the petitioner has served his sentence completely and is no longer "in custody" as required for § 2255 relief. It also explained that because he remained in custody the proper action for challenging his sentence remained under § 2255, and not a common law writ. It further denied his motion for appointment of counsel in connection with his petition.

Mr. Samuels then filed a motion in this court seeking authorization to file a second or successive 28 U.S.C. § 2255 motion on the same grounds as set forth in

his coram nobis petition. On November 5, 2010, we denied his motion, concluding, in part, that while Mr. McFadden provided false testimony in criminal cases in 2007 and 2008, Mr. Samuels failed to provide any evidence or information: (1) Mr. McFadden committed any such action in his case or in cases, like Mr. Samuels's, which occurred prior to 2007; (2) the other two police officers, who also discovered the crack cocaine in his vehicle, were involved in planting such evidence; or (3) why he pled guilty and never previously claimed his innocence or that the drugs had been planted.

## II. Discussion

Mr. Samuels now appeals the district court's denial of his petition for a writ of coram nobis under 28 U.S.C. § 1651. In identifying the issues on appeal, he claims the district court should have allowed him to pursue his claims against the two police officers and Mr. McFadden "in light of the minimal evidence made available to [him] in prison, and directed a response and discovery from the [g]overnment," including phone records of one of the officers who claimed to have received a tip from a confidential informant that Mr. Samuels possessed drugs. In essence, Mr. Samuels is arguing on appeal the same or similar contentions he raised and we rejected in his direct appeal regarding his motion to suppress. *See Samuels*, 493 F.3d at 1188-90. He also suggests the district court should have granted his request for a writ of coram nobis, given Mr. McFadden

and the others planted the drugs in his vehicle – an issue we fully disposed of in our November 2010 order concerning his request to file a second or successive § 2255 motion. The government has filed notice of its intention not to file a brief in the instant appeal.

Generally, we review *de novo* the district court's denial of a petition for a writ of coram nobis filed under 28 U.S.C. § 1651 and its factual findings for clear error. *See Klein v. United States*, 880 F.2d 250, 255-56 & n.6 (10th Cir. 1989). As the district court held, a writ of coram nobis is an extraordinary writ because it extends litigation beyond the final judgment and exhaustion of other remedies. *Id.* at 253. Such a writ "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989) (relying on *United States v. Morgan*, 346 U.S. 502, 512-13 (1954)). It may be used only to correct error resulting in a complete miscarriage of justice. *See United States v. Williamson*, 806 F.2d 216, 222 (10th Cir. 1986).

While these are the general principles we apply in coram nobis cases, it is apparent Mr. Samuels filed the instant appeal in an effort to skirt our prior dispositive decisions affirming the district court's denial of his motion to suppress

evidence in his direct appeal and denying him authorization to file a second or successive § 2255 motion, in which we considered and rejected the very same claims he raises here. As a result, this appeal is plainly frivolous. Even if we considered his appeal, Mr. Samuels is still serving his 210-month sentence, and thus, he is still "in custody" and has not served his sentence, which is a prerequisite for allowing one to petition for such a writ. Accordingly, we would readily conclude the district court did not err in denying Mr. Samuels's § 1651 petition for a writ of coram nobis even if his appeal was not frivolous.

Because Mr. Samuels's appeal is frivolous, we will not expend further judicial resources considering it or matters which have either previously been adjudicated or otherwise deemed meritless. We caution Mr. Samuels that future frivolous appeals on this or any other matter may result in summary disposition without discussion and/or an order requiring him to show cause why this court should not impose both appellate filing restrictions and sanctions.[1] We further

---

[1] "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter* (*In re Winslow*), 17 F.3d 314, 315 (10th Cir. 1994) (*per curiam*) (quotation marks and alteration omitted). We possess inherent authority "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (*per curiam*). We have long held that where a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate, but only after notice and an opportunity to respond are given. *See Werner v. Utah*, 32 F.3d 1446, 1447-48

(continued...)

caution Mr. Samuels the fact he is a *pro se* litigant does not prohibit the court

from imposing such sanctions against him.  *See Haworth v. Royal*, 347 F.3d 1189,

1192 (10th Cir. 2003).


III.  Conclusion

For the foregoing reasons, we **DISMISS** Mr. Samuels's appeal as frivolous.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[1](...continued)
(10th Cir. 1994); *In re Winslow*, 17 F.3d at 315.  We may impose filing restrictions based on our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings.  *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986).  Moreover, Rule 38 of the Federal Rules of Appellate Procedure allows this court to award damages as a sanction for a frivolous appeal.