FILED
United States Court of Appeals
Tenth Circuit

March 26, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARTIN A. WICKEN,

      Defendant-Appellant.

No. 12-3301
(D.Ct. No. 6:07-CR-10045-JTM-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Martin A. Wicken, a *pro se* litigant and federal inmate, appeals

---

[*] This order is not binding precedent except under the doctrines of law of
the case, *res judicata* and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court's dismissal of his "Motion to Review Sentence, Pursuant to 18 U.S.C. § 3742(a)(1)(2)," which it construed as a second or successive motion for relief under 28 U.S.C. § 2244. It also denied his later application for a certificate of appealability. In appealing the district court's dismissal of his motion, Mr. Wicken seeks a certificate of appealability from this court. We deny Mr. Wicken's application for a certificate of appealability and dismiss his appeal.

## I. Factual and Procedural Background

On March 6, 2007, a federal grand jury issued an indictment charging Mr. Wicken with unlawful possession with intent to distribute approximately 11.23 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm and/or ammunition, in violation of 18 U.S.C. § 922(g)(1). On May 21, 2007, Mr. Wicken pled guilty to the felony offense of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in exchange for the government's agreement not to file additional charges against him. In pleading guilty, Mr. Wicken waived his right to appeal or collaterally attack any matter in connection with his conviction and sentencing unless the district court departed upward. He also stated he had sufficient time to discuss the case, the evidence, and the plea agreement with his attorney and that he was fully satisfied with the advice and representation provided by counsel. Following his guilty plea, the district court determined Mr. Wicken's plea was freely,

voluntarily, and knowingly made. After determining Mr. Wicken qualified as a career criminal for the purpose of calculating his sentence, the district court imposed a sentence of 180 months imprisonment–at the low end of the 180- to 210-month United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range. In accord with the terms of his plea agreement waiver, Mr. Wicken did not file a direct appeal of his conviction and sentence.

In 2008, Mr. Wicken filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which the district court dismissed; in 2009, he also filed an application for a certificate of appealability, which it denied. On December 17, 2009, after two orders granting Mr. Wicken extensions of time to file his brief on appeal and petition for a certificate of appealability, this court dismissed Mr. Wicken's appeal for lack of prosecution after he failed to file either type of pleading.

Turning to the litigation involved in this appeal, on June 25, 2012, Mr. Wicken filed the instant "Motion To Review Sentence, Pursuant to 18 U.S.C. § 3742(a)(1)(2)," claiming he did not qualify for career criminal status and received ineffective assistance of counsel. The district court construed the motion as a second or successive application under 28 U.S.C. § 2244 and dismissed it on procedural, rather than substantive, grounds for lack of jurisdiction because: (1)

-3-

the issues raised fell within the waiver contained in his plea agreement and he failed to show a miscarriage of justice in its enforcement; and/or (2) he failed to obtain the necessary authorization from this court to file a second or successive motion in the district court. Thereafter, Mr. Wicken filed an application for a certificate of appealability, which the district court denied because he failed to show enforcement of the waiver in his plea agreement would result in a miscarriage of justice, including that resolution of the issues raised would be debatable among jurists, should be resolved differently, or deserve further consideration. It also denied his motion for leave to proceed *in forma pauperis* as moot.

## II. Discussion

Mr. Wicken now appeals the district court's dismissal of the instant motion and requests a certificate of appealability. In identifying the issues for appeal, he presents incoherent and rambling arguments that he: (1) does not qualify as an armed career offender; (2) received ineffective assistance of counsel from all four of his attorneys; and (3) had his constitutional rights violated because the officer who provided the affidavit supporting his arrest warrant allegedly disregarded the truth and otherwise committed perjury and obstructed justice. While he claims he does not qualify as a career criminal, he does not provide any explanation as to how his prior crimes, of which there is a vast multitude, are not sufficient to

qualify him for such status. He also suggests he received ineffective assistance of counsel because his classification as an armed career criminal "drastically increased his punishment for his offense," so that the outcome of his sentence would have been different if his counsel had objected to such a classification. In making these arguments, however, he does not address the district court's procedural reasons for dismissing his motion, including that he failed to show an exemption from his plea waiver, obtain a certificate of appealability, or otherwise meet the criteria necessary for issuance of a certificate of appealability. The government filed a notice of its intention not to file a response brief.

In order to obtain a certificate of appealability, Mr. Wicken must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). To achieve this, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.

We have carefully reviewed the record before us and determine that nothing in Mr. Wicken's pleadings on appeal takes issue with the district court's procedural bases for dismissing his motion or later denying him a certificate of

appealability. Indeed, he presents no argument exempting him from the plea waiver he previously stipulated to and signed, in which he waived his right to appeal or collaterally attack his sentence, nor does he make any coherent argument for the purpose of showing the required "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack*, 529 U.S. at 483-84. Moreover, even if we considered the substantive grounds for his appeal, the record soundly supports his career criminal status, on which he also bases his ineffective assistance of counsel claim.

Having failed to make such a showing, Mr. Wicken is not entitled to a certificate of appealability for the purpose of filing a second or successive motion to vacate, set aside, or correct his sentence. Moreover, because his arguments fail to address the district court's reasons for dismissal of his motion, do not provide discussion of how he has met the requisite showing for a certificate of appealability, or are otherwise frivolous, we also decline to approve his application to proceed *in forma pauperis* and will not expend further judicial resources in discussing this appeal. We caution Mr. Wicken that future frivolous appeals on this or any other matter may result in summary disposition without discussion and/or an order requiring him to show cause why this court should not

impose both appellate filing restrictions and sanctions.[1]  We further caution Mr.

Wicken the fact he is a *pro se* litigant does not prohibit the court from imposing

such sanctions on him.  *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir.

2003).


## III.  Conclusion

For the foregoing reasons, we **DENY** Mr. Wicken a certificate of

appealability and **DISMISS** this appeal. We also **DENY** his application to

proceed *in forma pauperis*.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[1] "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter* (*In re Winslow*), 17 F.3d 314, 315 (10th Cir. 1994) (internal quotation marks omitted).  We possess inherent authority "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).  We have long held that where a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate, but only after notice and an opportunity to respond are given. *See Werner v. Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994); *In re Winslow*, 17 F.3d at 315.  We may impose filing restrictions based on our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986).  Moreover, Rule 38 of the Federal Rules of Appellate Procedure allows this court to award damages as a sanction for a frivolous appeal.